## DAILY, appellant, *v.* REDFERN et al., respondent.

1   467
2   584

ASSAULT AND BATTERY — *liability of parties.* In an action to recover damages for an assault and battery, the defendants are jointly and severally liable.

PLEADING — *complaint for assault and battery — conspiracy.* In a complaint to recover damages for an assault and battery committed by two persons, it is not necessary to allege that there was any conspiracy or collusion between the defendants.

PLEADING — *complaint for assault and battery — absent party — conspiracy.* In an action to recover damages for an assault and battery committed by a party, at the instance of another, who was absent when the injury was inflicted, the complaint should allege that there was a conspiracy between the parties to make them liable.

CONSPIRACY — *gist of action.* The gist of the action, upon a charge of conspiracy by two persons, is the previous preconcerted agreement or confederation.

*Appeal from the First District, Madison County.*

JUDGMENT was rendered by MURPHY, J., in November, 1871, and the demurrer of Redfern to the complaint was sustained. Daily appealed. The facts appear in the opinion.

H. N. BLAKE, for appellant.

The only inquiry in this case is, whether facts enough to support the action are stated in any form. *Buzzard* v. *Knapp,* 12 How. Pr. 504; *Graham* v. *Cameron,* 13 id. 362.

Appellant properly sued the respondents jointly. Barb. on Parties, 203, § 2; 2 Hill. on Torts, 292, § 9.

The question of conspiracy is immaterial in this action. The respondents are liable, if they committed the acts set forth in the complaint. In criminal cases of a similar nature, the indictment need not allege collusion or conspiracy. 1 Bishop Cr. Pr., § 566; 2 id., § 68.

The complaint is sufficient. 2 Greenl. on Ev., § 89; *Sampson* v. *Henry,* 11 Pick. 379; 2 Estee's Pl. 1–9.

E. W. TOOLE and R. H. WILLIAMS for respondent.

The complaint does not show that the wrongs averred were done at the same time, but on the same day only. It does

not show any concurrence or concert by defendants. Barb. on Parties, 203 ; 2 Hill. on Torts, 292, 293.

The complaint is fatally defective in not alleging conspiracy and concurrence between the defendants, and without that the acts of one defendant do not extend to the other. *Brown* v. *Wheeler*, 18 Conn. 199 ; 1 Greenl. on Ev., § 111 ; *People* v. *Trim*, 39 Cal. 78.

WADE, C. J. This is an action to recover damages for an assault and battery. There was a demurrer to the complaint ; demurrer sustained and judgment for defendants, and from this judgment plaintiff appeals to this court.

The complaint alleges : "The plaintiff in this action complains of John Redfern, Sr., and John Smith, the defendants herein, and for cause of action states, that heretofore, to wit : On November 23, 1869, at and within the county of of Madison, and Territory of Montana, the defendants wrongfully and unlawfully made an assault upon said plaintiff, and then and there struck, kicked, beat, bruised and ill-treated him, and did then and there with a sharp instrument, strike, cut, stab and wound the plaintiff in divers parts of his body in so grievous a manner that his life was by means thereof greatly despaired of, and by reason of such wounding, the plaintiff then and there became sick, lame, etc."

The demurrer of defendant Redfern is based upon the ground that the complaint does not allege any conspiracy or collusion between this defendant and his co-defendant, so as to authorize them to be joined in this action.

Is the demurrer well taken ?

A very limited consideration of the nature of an action for an assault and battery will enable us to answer this question. In such an action, the defendants are jointly as well as severally liable, and all who designedly contributed to the injury, may well be joined as defendants, or it would be perfectly competent to sue each one separately, and a judgment against one would be no bar to an action against the others. And this joint liability in no manner depends

upon the collusion, confederation or conspiracy of the parties. It rests simply upon their acts, and there may well be joint action in any given undertaking without any collusion or preconcerted agreement to act. Thus, if two men should commit an assault and battery upon another without any agreement or collusion between them, they would undoubtedly be jointly, as well as severally, liable, for their action is joint, and does not depend upon any previous understanding, whereas, upon a charge of conspiracy by two men, both must be held or both acquitted, and the gist of the action is the previous preconcerted agreement or confederation. An action for an assault and battery does not necessarily have any element of this kind pertaining to it. The action may be brought against twenty men, and sustained as to nineteen and defeated as to one, or it may be defeated as to nineteen and sustained as to one ; and whether it was or not would not depend upon any collusion or agreement, but would stand or fall upon the fact whether or not the nineteen or the one contributed to the injury.

The doctrine here enunciated seems to be fully sustained by the authorities.

Mr. Hilliard on Torts, says, p. 312 : "Inasmuch as the liability of several persons for the same tort is originally separate as well as joint, it does not lose this character by the mere commencement of a joint action against them, but such action may proceed to different results with regard to the different defendants. Thus, where there is no evidence against one he is entitled to judgment." *Hamilton* v. *McGee*, 19 Md. 43.

So, in an action in tort against six, the plaintiff may recover a verdict against two. *Cooper* v. *South*, 4 Taunt. 802.

This action is trespass, and, in actions of this class, the plaintiff may join as many defendants as he thinks proper, but the question of joint liability is a question for the jury, and if it should appear upon the trial that all the defendants contributed to the injury complained of, all would be liable, even if there was no collusion or concert of action between them. Only those would be liable who contributed

to the injury. Undoubtedly, men may conspire together to, and commit an assault and battery, but the conspiracy or collusion is not a necessary ingredient to create a joint liability.

This doctrine is based upon the proposition, as alleged in the complaint, that both parties were present and committed the injury complained of. If one of the parties was absent, but had procured the other to commit the injury, then, in order to charge the absent party, conspiracy must be alleged and proven.

*Judgment reversed and cause remanded.*