American District Telegraph Co. of Balto. City *vs.* Walker.

(Decided 19th June, 1890.)

---

THE AMERICAN DISTRICT TELEGRAPH COMPANY OF BALTIMORE CITY *vs.* NOAH WALKER.

*District Telegraph Company— Liability for Negligence—Measure of Damages—Bailee.*

The defendant was an incorporated District Telegraph Company, holding itself out for the undertaking of the performance of various services, such as the carriage of parcels, messages, and other errands and commissions, upon call at district stations in the City of Baltimore. The plaintiff was the owner of a pair

American District Telegraph Co. of Balto. City *vs.* Walker.

of horses which he kept at Little's livery stable in the city. While the horses were attached to a wagon which the plaintiff had hired for a drive of the proprietor of the stable, the plaintiff, after the drive, went to a district office of the defendant and asked for a boy competent to drive a pair of horses to Little's stable on H. street, and paid the customary charge for a messenger service. In response to the call a boy was sent, to whom the plaintiff gave the horses and vehicle in charge, and gave him the directions as to the course he should take to get to the stable. On the way the horses ran off, broke up the vehicle, and injured the horses,—one so seriously that he had to be shot. In an action by the plaintiff against the Telegraph Company, to recover damages for the injuries sustained, evidence was offered tending to show that the running away of the horses was caused by the negligent or unskillful driving of the boy, and that the furnishing of boys to drive teams for customers was part of the ordinary business of the defendant. HELD :

1st.   That the jury were properly instructed to find for the plaintiff if the injury was caused by the negligence of the boy in driving the horses.

2nd.   That the damages to be allowed were such as the jury might find from the evidence the plaintiff had suffered by reason of the defendant's default.

3rd.   That the plaintiff as bailee, of the hired wagon, had a special property in it, which entitled him to recover for any injury to it. as against a party without title.


APPEAL from the Baltimore City Court.


The case is stated in the opinion of the Court.


*First Exception.*—The defendant proved by plaintiff's testimony, that on other occasions, before the night of the accident which occurred to the horses sued for, he had sometimes made use of messengers of the defendant, and had signed on their faces at the bottom, the tickets brought by them when parcels were delivered to him, but never signed any ticket when sending messengers, and on this occasion signed none. The defendant then

made the following offer by the testimony of Joseph C. Wagner, the manager of the defendant's office, at the corner of Baltimore and Calvert streets :

### Form of Ticket.

The manager will be held responsible for amount of this ticket.

THE AMERICAN DISTRICT TELEGRAPH COMPANY OF BALTIMORE.

District ...................................................... ........ 188

Deliver answer to. ....................................................

| Messengr. | Out. | Returned. | Time. | Paid. | The service on this ticket must be guaranteed or paid for in advance at Tariff Rates. |
|-----------|------|-----------|-------|-------|-------|
|           |      |           |       |       |       |

Sent to........ .......... ....... .................. .......... ... ... ....

Received by................... ......... .................... ..... ........

☞Please sign your name.

No charge less than ten cents for service on this ticket.

This company's liability is limited to ten dollars.

The defendant having proven by Mr. Walker, the plaintiff, that on other occasions before the day of the accident which occurred to the horses sued for, he had sometimes made use of the messengers of the defendant, and had signed at the bottom the tickets brought by them, then proposed to show by Joseph C. Wagner, the manager of the defendant at its Baltimore street office, that all tickets are destroyed a short time after they have been used, and that the tickets of the date of the accident, and those used prior thereto, have been destroyed in the usual course of the defendant's business, and that the blank form of ticket now proposed to be offered was the one which was so signed by the plaintiff prior to the accident, and the one in use when the accident occurred.

American District Telegraph Co. of Balto. City *vs.* Walker.

But the plaintiff objected to this evidence, and the Court (STEWART, J.,) sustained his objection.    The defendant excepted.

*Second Exception.*—The plaintiff offered the following prayer :

That if the jury find from the evidence that the defendant undertook for a reward to deliver the team of horses and vehicle attached, and described in the evidence, to a person designated by the plaintiff, and in the course of this undertaking entrusted the driving of the team to one who by his negligence permitted the horses to run away, whereby the plaintiff suffered damage, then the plaintiff is entitled to recover, and the jury will allow such damages as they may find from the evidence the plaintiff suffered by reason of the defendant's fault in the premises.

The defendant offered the following motion :

In accordance with the right reserved to it when the evidence was introduced subject to exception, the defendant moved to exclude all the evidence offered in regard to the injury to the Surrey wagon, and to the expenses of repairing it, and to any expectations of the owner of it, Mr. Little, that the plaintiff should return him a new one again.    And also offered six prayers, as follows :

1. If the jury find that the plaintiff employed a messenger boy of the defendant to drive the team mentioned in the evidence, and that when the messenger was put in the carriage to drive the team had become restless from standing, and that the strength of a man was required to manage and drive said team on this occasion, and that said messenger drove said team with the ordinary and reasonable care and skill which might be expected from boys of his age and size, and that while so driving them he was thrown out of said carriage by the horses getting beyond his control, then their verdict must be for the defendant.

2. If the jury shall find that the plaintiff went to the office of the defendant, and then employed it to send one of its messenger boys to drive his horses to the stable of Mr. Little, and that the defendant sent one of its messenger boys about fifteen years of age, who did take charge of the horses for the purpose, then the defendant did not assume the liability of a common carrier.

3. If the jury find the facts stated in the first prayer, the defendant assumed no greater liability than that of an ordinary bailee for hire, and is bound only for ordinary care.

4. In considering whether there was ordinary care under defendant's second prayer, the jury are to require from the defendant only the ordinary care which was to have been expected from a boy of the age of the messenger boy who drove the horses, and the defendant is not liable if the boy drove with the care to be expected from one of his age.

5. That the plaintiff has offered no evidence of a want of ordinary care such as was to be expected under the circumstances from a boy of the age of the messenger boy who drove the team, and the defendant is therefore entitled to its verdict.

6. If the jury find the facts stated in the first prayer of defendant, and that when the messenger boy saw the plaintiff, and before he took charge of the horses, told him that he had driven a pair of horses once, and did not know whether he could drive plaintiff's horses, and that plaintiff then gave him charge of the horses, there was such contributory negligence by plaintiff as to disentitle him to recover, and their verdict should be for defendant.

The Court granted the prayer of the plaintiff, and refused all the prayers of the defendant; and also refused the first part of the defendant's motion, but granted the latter part relating to the expectations of

American District Telegraph Co. of Balto. City *vs.* Walker.

Mr. Little.    The defendant excepted, and  the verdict and judgment being against it, appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*D. K. Este Fisher*, for the appellant.

*John V. L. Findlay*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This action was brought by the appellee against the appellant to recover for injury to a pair of horses, and to a Surrey wagon, a vehicle to which the horses were attached at the time of the accident.    The question is, whether the defendant is responsible for the consequences of the accident.

The defendant is a corporation, and it appears that it holds itself out for the undertaking of the performance of various services; such as the carriage of parcels, messages, and other errands and commissions, upon call at district stations in the city.    The corporate name of the defendant would not appear to indicate very clearly the nature of the duties that it assumes to perform.

It appears that the plaintiff was the owner of a pair of valuable horses which he kept at Little's livery stable on Howard street; and having the horses hitched to a Surrey wagon, hired of the proprietor of the livery stable, for a drive in the country, upon his return, he and his companions stopped at a restaurant on the corner of Calvert and German streets; and desiring to have the horses and vehicle taken to the livery stable, he went to the nearest district office of the defendant and asked for a boy competent to drive a pair of horses to Little's stable on Howard street, and paid the customary charge for a messenger service.    The manager of the office

responded, and sent a boy to take the team, but, on seeing the horses and being asked if he could drive, the boy said he could not drive a double team, and thereupon he was sent back to the office by the plaintiff, and the latter then determined to wait for the driver from the stable; but before such driver arrived, another boy from the defendant's office called to take the team, who said, in answer to an inquiry, that he had driven a double team before; and the plaintiff gave the horses and vehicle in charge of the boy, and gave him direction as to the course he should take to get to the stable, in order best to avoid crowded streets.    The boy started off with the team, but on the way to the stable, the horses ran off, threw out the boy, broke up the vehicle, and one of the horses was so seriously injured that he had to be shot, and the other horse was rendered unsafe to drive.    There was evidence given tending to show that the running away of the horses was caused by the negligent or unskilful driving of the boy.    It would appear that the furnishing of boys to drive teams for customers was part of the ordinary business of the defendant; for Little, the keeper of the livery stable, testified that the defendant had a call box in his stable, and that he frequently called messenger boys of the defendant to drive teams, and they were supplied, and that he settled for such service monthly.

There was evidence offered by the defendant for the purpose of proving previous knowledge on the part of the plaintiff of a limitation as to the extent of damages for which the defendant would contract to be answerable, for any injury that might be sustained in the course of its service.    Such condition was printed at the foot of its blank delivery tickets.    But it was not shown that there was any contract in this case, by ticket or otherwise, containing any such limitation of liability; and the evidence offered was therefore rejected, and we think properly so.

American District Telegraph Co. of Balto. City *vs.* Walker.

Upon the whole evidence, the Court instructed the jury, upon request of the plaintiff, that if they found from the evidence that the defendant undertook, for a reward, to deliver the team of horses and vehicle, as described in the evidence, to a person designated by the plaintiff, and in the course of this undertaking entrusted the driving of the team to one who, by his negligence, permitted the horses to run away, whereby the plaintiff suffered damage, then the plaintiff was entitled to recover, and the jury should allow such damages as they might find from the evidence the plaintiff suffered by reason of the defendant's default in the premises.

The defendant offered six prayers, all of which were rejected by the Court. He also moved the Court to exclude from the jury all the evidence on the part of the plaintiff which related to the injury of the Surrey wagon, and the expense incurred in repairing the same. And to the refusal of its prayers, and the motion to exclude the evidence, as well as to the instruction given by the Court to the jury, the defendant excepted.

This is a case of bailment for hire, but the defendant did not, by its undertaking, incur the liability of a common carrier. This species of bailment is included in what Lord Holt in the leading case of *Coggs vs. Bernard*, 2 *Lord Raym.*, 917, classifies as the fifth sort, viz: "a delivery to carry or otherwise manage for a reward to be paid to the bailee;" and as to which, said Lord Holt, the cases are of two sorts; "either a delivery to one that exercises a public employment, or a delivery to a private person. First, if it be to a person of the first sort, and he is to have a reward, he is bound to answer for the goods at all events." But as to the second sort, he says, "they are bailiffs, factors, and such like;" in which case the bailee is only bound to take reasonable care; and "the true reason of the case is," says the learned Judge, "it would be unreasonable to charge him

with a trust further than the nature of the thing puts it in his power to perform it." And so Judge Story, in his work *on Bailments, sec.* 457, founding his text principally upon Lord Holt's classification, states the same distinction. He says, "Every such private person is bound to ordinary diligence, and to a reasonable exercise of skill; and of course he is not responsible for any losses, not occasioned by the ordinary negligence of himself or his servants. He will not, therefore, be liable for any loss by thieves, or for any taking from him or them by force, or where the owner accompanies the goods to take care of them, and is himself guilty of negligence. This is the general rule; and it of course applies to all cases where he has not assumed the character of a common carrier, unless, indeed, he has expressly, by the terms of his contract, taken upon himself any such risk." The application of the principle of this species of bailment, and the extent of the liability of the bailee, are well explained and illustrated by the cases of *Newton vs. Pope,* 1 *Cow.,* 109; *Brind vs. Dale,* 8 *Carr. & P.,* 207, and *Searle vs. Laverick, L. R.,* 9 *Q. B.,* 122; and those cases show that if negligence or want of skill in the bailee or his servant be the ground of action, the onus of proof is on the plaintiff.

The instruction granted by the Court is based exclusively upon the alleged negligence of the boy in driving the horses. There was evidence tending to prove such negligence, and we perceive no error in the instruction. The boy was furnished from the defendant's office to take charge of and to drive the team of horses to the livery stable, and having assumed the duty for a reward, the defendant was bound to furnish a driver both competent and careful.

Nor do we perceive that there was any error committed by the Court in refusing to exclude from the consideration of the jury the evidence in regard to the

American District Telegraph Co. of Balto. City *vs.* Walker.

damage done to the Surrey wagon, and the expense of its repair. It is true the plaintiff was not the general owner of the wagon, but, having hired the vehicle, he was bailee, and as such he had a special property in it, which entitled him to recover for any injury to it, as against a party without title. He was answerable to the general owner, and was therefore entitled to recover of the defendant to the full extent of the injury to the vehicle, caused by the negligent act of the defendant's servant. *Harker vs. Dement,* 9 *Gill,* 7, 13.

With respect to the prayers offered by the defendant, we think there was no error in rejecting them. The instruction actually given by the Court was as favorable to the defendant as any that could well have been given, upon the facts of the case, and which instruction rendered it wholly unnecessary to grant the second and third prayers of the defendant; as by the instruction given the defendant was only held to that degree of care which an ordinary bailee for hire is liable. And as to the other prayers, clearly, in view of what we have said in regard to the nature of the liability of the defendant, there was no error in rejecting them. The judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided 19th June, 1890.)