cook for the defendant hotel; and the defendant, to justify her discharge, endeavored to prove that the guests would not eat the meals prepared by the plaintiff and returned the food as it was served to them. Evidence to this effect was stricken out "as a conclusion." There was no suggestion that the matter was not one as to which the witness spoke from knowledge, and certainly the evidence was directed to a simple fact, as distinguished from a conclusion. The plaintiff's right to recover, upon the facts, was by no means obvious, and the exclusion of this evidence may well have prejudiced the defendant upon a very material issue, since the evidence unquestionably supported the defendant's claim that the agreement included a condition that the guests should be satisfied with the plaintiff's cooking.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

---

(48 Misc. Rep. 370.)

### HIRSCH v. AMERICAN DIST. TELEGRAPH CO.

(Supreme Court, Appellate Term. October 27, 1905.)

CONTRACTS—BREACH—MESSENGER COMPANIES.

Evidence that plaintiff went into a branch office of a messenger company, stating to H., in apparent charge, that he wanted a boy to take a package of money to a bank; that, after remarks as to the character of the boys, H. pointed to one as all right; that plaintiff then gave it to the boy, who started with, but stole, instead of delivering, it—authorizes recovery of the messenger company, on the theory of a special contract to deliver the package, without regard to whether it was a common carrier; the loss being through default of the messenger.

Appeal from City Court of New York, Trial Term.

Action by Morris J. Hirsch against the American District Telegraph Company. From a judgment on a verdict for plaintiff, defendant appeals. Affirmed.

See 90 N. Y. Supp. 464; 92 N. Y. Supp. 794.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

G. H. Fearons (Henry D. Estabrook, Rush Taggart, and Francis Raymond Stark, of counsel), for appellant.

Morris J. Hirsch, for respondent.

BISCHOFF, J. This action was brought to recover damages for the defendant's nondelivery of a package of money alleged to have been intrusted to it by the plaintiff's assignor, one Jantzen, for carriage to a certain bank at Rutherford, N. J. According to the evidence in support of the case, it appears that Jantzen went to a branch office of the defendant in this city, of which office one Hegel was in apparent charge, and stated to Hegel that he wanted a boy to take a package to the bank at Rutherford, informing him at the same time there was a lot of money in the package and that it was going to the bank; that there followed some conversation as to the character of the boys available, and finally Hegel, alluding to a boy who had just entered, said: "Here

is the sergeant. He is all right." Thereupon Jantzen handed the package to this boy in the presence of Hegel, and the latter caused to be furnished to the boy a ticket or slip, which was to be signed by the person who received the package. The boy left the office, and it is conceded that the package was never delivered and that the cause was the boy's theft of the money.

The verdict for the plaintiff is assailed, mainly, upon the assumption that the defendant's liability is dependent upon proof that it was a common carrier, and it is strenuously urged that the nature of the defendant's business was such that it had not subjected itself to the liability attaching to common carriers. We do not think this question was actually involved in the case. It was competent for the jury to find from the proofs that a special contract had been made for the carriage and delivery of this package, and that the defendant's agent, Hegel, was acting within the apparent scope of his authority when making this contract. Packages were customarily taken at the defendant's offices for delivery, and while, as contended by the appellant, it may be that the general nature of the business was such as to exclude the theory that, in general and in every instance, defendant's transactions with its patrons involved the defendant's personal engagement to deliver, as distinguished from the patron's personal hiring of the mere services of a messenger, to whom the package was intrusted by him, not by the defendant company, it still remains that the general and apparent character of the business was such that the agent in charge of the office was surrounded by indicia of authority such as would support his making of a special contract to carry a package, if the agreement were actually understood to be such by a person who relied upon the agent's apparent authority to make it. It is to be noted that in the present case the loss was conceded to have been due to the default of the messenger, and the defendant's liability, based upon a loss thus arising, would not require the imposition of a common carrier's liability to support it. Had the messenger been assaulted and robbed, a different case would have been presented; but, upon the conceded facts, the plaintiff's judgment is consistent simply with the defendant's failure to perform a special contract for the transportation of this parcel. See Am. Dist. Tel. Co. v. Walker, 72 Md. 454, 20 Atl. 1, 20 Am. St. Rep. 479.

Every proposition of fact which the defendant sought to have submitted to the jury was submitted agreeably to the requests to charge; the refusals to charge being confined to instances where the court was asked to rule upon the absence of evidence to support a given proposition as matter of law, and where the record did not support the request. There was no error in the exclusion of evidence as to the general nature of the services which these messenger boys were called upon to perform in general, or as to the defendant's statements in its pamphlets, issued for the purposes of its business, since, upon the theory that the transaction in suit depended upon a special contract—a theory consistent with the pleadings and the proceedings upon the trial—this evidence was not relevant and had relation only to a question whether the defendant did or did not hold itself out as a common carrier. This ques-

tion is one which was not presented for determination by the court below, nor is it involved upon the appeal to this court.

We conclude, for the reasons stated, that the judgment should be affirmed, with costs. All concur.

1. CARRIERS—MESSENGER COMPANIES—MONEY.

