## THE DARBY CANDY CO. *vs.* HARRY HOFFBERGER.

*Bailments—Injury to Horses Hired—Insufficient Evidence to Show Negligence by Bailee.*

The hirer of horses is bound to exercise ordinary care in their use and custody, but he is not liable for an accidental injury to them. If they are injured, the burden of proof is upon the bailor to show that the injury was caused by the negligence of the hirer.

One of the draught horses hired by defendant from plaintiff, when returned, was found to have one of its front hoofs injured. In an action to recover damages therefor, there was no direct evidence to show how the injury happened, and the plaintiff's expert evidence was to the effect that it might have resulted from the hoof being run over by a wagon wheel, or by something falling on it, or by the horse's striking it against an iron plate over a gutter. The horse had been left unattended for fifteen to twenty minutes on a wharf while the driver was unloading goods. *Held,* that this evidence is not sufficient to show that the injury was caused by the defendant's negligence.

Another horse hired by the defendant died from colic a few hours after being returned to the plaintiff's stable, at which time the animal was somewhat swollen. There was no evidence that the defendant or his driver had any knowledge of the illness of the horse until shortly before it was returned to the stable, and the evidence showed that the horse's colic might have been developed from other causes than the negligence of the defendant. *Held,* that since there is no evidence of the defendant's negligence in the management of the horse, he is not liable for this loss.

*Decided June 28th, 1909.*

Appeal from the Court of Common Pleas of Baltimore City (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Lee S. Meyer* and *Benj. Rosenheim,* for the appellant.

*Daniel Greenbaum* and *Milton D. Greenbaum,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant, is a corporation engaged in the manufacture and sale of candy in Baltimore City. The appellee is engaged in the livery and stable business of hiring and boarding horses for compensation in Baltimore City.

This suit was brought by the appellee against the appellant to recover damages for the loss of two horses belonging to the appellee, and hired to the appellant.

The declaration contains two counts, and they set out the causes of action. The first count charges that among the horses so hired was a spotted-sorrel horse and at the time of the happening of the injury, on or about September 16th, 1906, this horse was perfectly sound and in good health and condition; that by reason of the *gross carelessness* and *negligence* of the defendant, its agents and servants, in the use of the horse while entirely under the control and in the custody of the defendant, its agents and servants, and without any fault or negligence of the plaintiff, the spotted-sorrel horse was so injured and maimed that it is now totally unfit for use and is permanently disabled.

The second count charges that among the horses so hired was a bay horse, that at the time of the happening of the injury, to wit, on or about November 12th, 1906, this horse was perfectly sound and in good health and condition; that by reason of the *gross carelessness* and *negligence* of the de-

fendant, its agents and servants, in the use of the horse while entirely under the control and in the custody of the defendant, its agents and servants, and without any fault or negligence of the plaintiff, the bay horse was so ill-used, that it died.

At the trial of the case below, the appellant reserved twelve exceptions presenting the various rulings of the Court upon the admissibility of testimony, to the granting of the plaintiff's second, third and fourth prayers, to the rejection of the defendant's prayers, number one, two, three, four and six, and to the overruling of the defendant's special exceptions to the plaintiff's second, third and fourth prayers.

The verdict and judgment was in favor of the plaintiff and the defendant has appealed.

The case being one of bailment for hire, the principal question, is, whether the plaintiff has established by legally sufficient evidence, under the pleadings, his right to recover against the defendant company.

It will be seen that the defendant's third prayer was based upon the insufficiency of evidence to prove that the injury to the horses was caused by reason of the *gross carelessness* and *negligence* of the defendant, as alleged in the pleadings. The defendant had the undoubted right to have the jury confined to the issue made by the pleadings.

The law is well established that the fact of negligence is for the jury where there is evidence legally sufficient to prove it, but in the absence of such evidence, it is the duty of the Court to withdraw the case from the consideration of the jury.

In the view we take of this case, it will not be necessary for us to consider all the questions raised on the record, because we are of the opinion, that the Court below committed an error in rejecting the defendant's third prayer which is as follows: "The defendant prays the Court to instruct the jury that there is no legally sufficient evidence, under the pleadings, entitling the plaintiff to recover and therefore the verdict of the jury must be for the defendant."

The settled principle in this State applicable to the extent of the liability of the bailee, in a case of bailment for hire, is clearly stated, in the cases of *Hambleton* v. *McGee,* 19 Md. 43, *Telegraph Co.* v. *Walker,* 72 Md. 454, and the recent case of *Baltimore Refrigerator Co.* v. *Kreiner,* 109 Md. 361.

In all of these cases the rule is distinctly established that the onus of proving want of reasonable and proper care is on the bailor, and that the bailee is not liable for an accidental injury not caused by negligence. And this is so, because bailees for hire are not insurers of the bailed property.

The burden of proof is also upon the plaintiff to show causal connection between the defendant's acts or omissions to constitute negligence and the injuries complained of. And where under the evidence the injuries complained of may have resulted either from the defendant's negligence or from some other cause or causes for which he is not responsible, the plaintiff cannot recover, as he has not discharged the burden of proof. *A. & E. Ency. of Law,* Vol. 21, page 216 and cases there cited.

In the case at bar, both counts in the declaration charge that the injuries were caused by the *gross carelessness* and *negligence* of the defendant, its agents and servants, in the use of the horses.

There is no evidence in the record to sustain either of these allegations as set out in the declaration. On the contrary the proof fails to show what caused the injury to the foot of the sorrel horse, that was in good condition when driven to the Norfolk boat, on Light street, but was found lame, on its return from the wharf. The horse was injured at the coronary band over the hoof of the right front foot and this was mashed.

Mr. Hickman, the veterinarian, who testified on behalf of the plaintiff, in answer to the following question, stated:

Q. From your knowledge of horses and your experience in treating them and from the examination of the hoof itself, could you tell us what causes could produce that condition?

·A.· Run over by a wagon wheel could have done it; something falling on it could have done it or striking himself up against one of the iron plates going over a gutter or something hard could have done it.

In *Harford Co.* v. *Wise,* 75 Md. 38, CHIEF JUDGE McSHERRY, in passing upon a somewhat similar state of facts said: "The loss was absolutely certain, but the cause of the loss, under the proof might have been either first negligence of the defendant, for which it would have been responsible, or secondly some other circumstance unmixed with negligence: In this condition of the proof the Court said: "There is strictly no evidence to warrrant a jury in finding that the loss was occasioned by negligence and not by theft. When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong. *R. R. Co.* v. *Bromley,* 17 C. B. 372; *Colton* v. *Wood,* 8 C. B. N. S. 572.

In *Wise Case, supra,* the Court said, it was a case devoid of legally sufficient evidence to convict the defendants of negligence causing the injury sued for and should have been withdrawn from the jury.

In *Cason's Case,* 72 Md. 380, it is said: There must be legally sufficient evidence to prove negligence and to connect that negligence with the jury before a Court is justified in allowing a case to go to the jury.

In the present case, there is no evidence in the record to show, that the cause of the injury to the sorrel horse, was caused by the gross carelessness and negligence of the defendant or the driver, as alleged in the pleadings, and there was not a scintilla of evidence to connect the alleged negligence with the injury to the horse.

It is contended, however, that the leaving of the horse unattended at the wharf of the Norfolk boat, on Light street, for a period of fifteen or twenty minutes, at. a distance of twenty feet, from the wharf, while the driver was engaged

in unloading the wagon and weighing the goods, was evidence of such gross carelessness and negligence on the part of the driver as to permit the plaintiff to recover. We cannot assent to this contention, under the facts and circumstances of this case.

In *Hayman* v. *Hewitt in Peake,* N. P. Add. Cas. 170, Lord Kenyon said: "That the law which considered a carrier as an insurer, and liable for all accidents except those arising from the Act of God and the King's Enemies, was already sufficiently hard, and ought not to be extended; and as to negligence, he did not see that the defendant in the present case had been guilty of it. He was performing his duty while removing the goods into the house; and, if every person who suffered a cart to remain in the street while he took goods out of it was obliged to employ another to look after his horse, it would be impossible for the business of the metropolis to go on."

The same principles of law, applicable to the first count of the declaration and herein cited, control the second count relating to the bay horse, and need not be repeated here. This horse died from a ruptured stomach, caused by acute colic. On November 12th, 1906, the horse was taken from the stable of the appellee, about 8 o'clock A. M., but was not used until about 4 o'clock P. M., when he was driven in a wagon to Camden Station, B. & O. R. Co., where the wagon was unloaded and the horse returned to the stable about 6 P. M. of the same day. The horse was not used in the morning, but was returned to the appellee's stable about 12 o'clock, where it was fed by the appellee.

It was taken from the stable about 1 P. M., and stood in front of the appellant's place of business, until it was used between 4 and 5 P. M. The horse was somewhat swollen when returned to the stable. He died between 2 and 3 o'clock the next morning.

There is no evidence upon this branch of the case to show that either the defendant or the driver of the wagon had any knowledge of the sickness of the horse, until he was driven

to the station and returned to the stable. Nor is there any evidence tending to show that the defendant or the driver contributed in any way to the illness of the horse, but the testimony shows that the colic could have been developed from many causes independent of the negligence of the defendant. The bailee is not liable for any accidental injury or illness happening to the animal not due in any way to negligence.

Clearly, there was no evidence of gross carelessness and negligence of the defendant or the driver in the use of the horse.

In *Story on Bailments,* page 365, it is distinctly said that the bailor must show affirmatively what caused the injury; that the bailee has done something or omitted to do something which he ought not to have done or omitted. In *Bannon* v. *B. and O. R. R. Co.,* 24 Md. 108, this Court said: Gross negligence is a technical term; it is the omission of that care which even inattentive and thoughtless men never fail to take of their own property; it is a violation of good faith. It implies malice and evil intention.

For the reasons given, the defendant's third prayer in our opinion ought to have been granted. The case was devoid of legally sufficient evidence to permit the plaintiff to recover on either count of the declaration, under the pleadings, and the case should have been withdrawn from the jury. As this conclusion disposes of the case, it will be unnecessary to pass upon the other questions raised on the record. The judgment appealed from must be reversed, and as it is apparent the appellee is not entitled to recover, a new trial will not be awarded.

> *Judgment reversed, without awarding a new trial, with costs.*