STEHLE EQUIPMENT COMPANY, INC. *v.*
ALPHA CONSTRUCTION & DEVELOP-
MENT COMPANY

[No. 494, September Term, 1966.]

*Decided June 26, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

*Donald L. Merriman*, with whom were *Merriman & Merriman* on the brief, for appellant.

*Barry I. Robinson*, with whom were *Sullivan & Pittler* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

Plaintiff-appellant, Stehle Equipment Company, Inc., in the business of renting heavy equipment, rented an undamaged Le Roi compressor to Alpha Construction & Development Company, defendant-appellee. In the course of its use, the compressor was damaged, and appellant sued appellee in the Circuit Court for Anne Arundel County to recover the damages. Appellee moved for a directed verdict at the close of the appellant's case and renewed its motion at the close of the entire case on the ground that no bailment was established. The court denied both motions, but granted judgment (without stating its grounds for decision, none having been requested under Maryland Rule 18 c) in favor of the appellee at the conclusion of the case after appellee declined to offer evidence. From this judgment, the equipment company has appealed.

On May 14, 1964, appellant rented a Le Roi compressor to appellee to be operated and used by appellee at one of its job sites in Annapolis. The compressor was self-propelling with four forward gears and one reverse gear, which were marked on the top of the gear shift. To engage the gears it was necessary to depress the clutch, and to get it into reverse it was necessary to depress a button on the gear shift while depressing the clutch. The same motor that propelled the compressor was used to compress air. At about 2:00 p.m. on the day it was damaged, the compressor was driven some eight blocks from St. John's College in Annapolis, where it had been used without difficulty at various locations for a week, to a parking lot on Cathedral Street, where it was to be used that evening. The eight block trip was made without incident. Appellant's agent parked the

compressor on a parking lot which was reached by driving up a ramp. The parking lot was fairly level, and on one side there was a retaining wall which was twelve feet high, but the top of which was only three or four inches above the surface of the parking lot. The agent of the appellant backed the compressor up to the retaining wall so that its rear wheels were within three to four feet from the wall with the body of the compressor only one foot from the wall. The agent took the compressor out of gear, applied the brakes, and turned the ignition off. The keys to the compressor were given to appellee's agent, who was on the premises.

Appellant called to testify the employee of appellee, Louis F. Adams, who operated the compressor at the time it was damaged. The employee testified that prior to using it, he "checked the tractor [the compressor] out," laid out the air hose, attached an air gun to the hose, put chocks behind the rear wheels, checked to make sure the gears were disengaged, found them to be in neutral, and made sure the brakes were locked. The employee then climbed upon the machine; and as soon as he started it, "the tractor just went right back over the wall * * *."

Appellant was notified that the compressor was damaged. Upon investigation it was found that the compressor was teetering over the wall, with its housing broken. Appellant filed a claim with its insurance carrier and was paid $1800 pursuant to the terms of the policy. Appellant testified that the total damage amounted to $3,000 to $4,000.

In its brief, appellee conceded that there was a bailment for hire which imposed upon the bailee an obligation to exercise ordinary care and diligence in using and safeguarding the bailed property and to return it in as good condition, ordinary wear and tear excepted, as when it was received. *Fox Chevrolet Sales v. Middleton,* 203 Md. 158, 99 A. 2d 731; *Goldberg v. Kunz,* 185 Md. 492, 45 A. 2d 279. Once appellant proved the delivery, the bailment for hire, and the unexplained failure to return the property in its condition when received, a prima facie case of negligence was made out. However, where the loss was accounted for as having been occasioned by a cause which would excuse the bailee, the defense was complete unless the bailor

followed by showing that the bailee, by the exercise of ordinary care, might have avoided the injury. *Fox Chevrolet Sales v. Middleton, supra.*

Appellant proved the bailment and failure to deliver, but it called as its witness Adams, the employee of the adverse party, who testified to the precautions which he took before he turned on the ignition. The issue of whether appellee exercised reasonable care, was for the trier of the facts. *Fox Chevrolet Sales v. Middleton, supra.* Although the benefit of a memorandum of the grounds for the decision is lacking, it is apparent that the court, as the trier of the facts, found that Adams had exercised reasonable care in preparing the compressor for safe use and in starting it, and that the damages were not the result of any action or inaction on the part of the appellee-bailee. See *Darby Co. v. Hoffberger,* 111 Md. 84, 73 Atl. 565.

Appellant contended that the lower court should have disregarded the testimony of one of its own witnesses, Adams, because it was negative, was not followed by corroboration, was completely lacking in probative value, and constituted mere speculation. Since it produced Adams as its witness, appellant cannot make a direct attack upon his veracity in the absence of surprise, hostility or deceit. *Proctor Electric Co. v. Zink,* 217 Md. 22, 141 A. 2d 721. Appellant has alleged no surprise or deceit and knew that Adams was at least an adverse witness. Adams' testimony was not contradicted by evidence to prove that appellee failed to exercise reasonable care or that appellee was negligent in failing to take precautions other than those which were taken. The probative weight of the evidence produced was for the trier of the facts. *Proctor Electric Co. v. Zink, supra.* Since appellant did not present evidence other than Adams' testimony with reference to the operation of the compressor, and since the court's apparent finding that the bailee had exercised reasonable care was not clearly erroneous, the judgment must be affirmed. Rule 886 a.

*Judgment affirmed, with costs.*