## TRANS-SYSTEM SERVICE, INC. *v.* KEENER

[No. 144, September Term, 1967.]

*Decided April 2, 1968.*

The cause was argued before HORNEY, MARBURY, McWIL-LIAMS, and SINGLEY, JJ., and CHILDS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Martin A. Ferris, III,* and *Abel J. Merrill,* with whom was *Gordon, Feinblatt & Rothman* on the brief, for appellant.

*John P. Wade,* with whom was *Sidney Blum* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

In April 1964, the appellee, William Keener, owner of a 1960 Reo tractor, delivered the vehicle to the appellant, Trans-System Service, Inc., for the purpose of having certain repairs made. After the repairs, a dispute arose over the amount of the repair bill and Keener removed the vehicle from Trans-System's premises without paying the bill or getting consent to move it. On July 1, 1964, the appellant replevied the tractor in furtherance of its garageman's lien and retained possession of it up to the time of the trial of the case on February 10, 1967. While in the possession of Trans-System the tractor was seriously damaged by fire.

The present case was begun by the appellant as an action for replevin which was instituted on June 25, 1964, and later amended to include a count in assumpsit for the amount of the repair charges. The appellee counterclaimed for damages to the tractor caused by the fire. On the issues of the right to replevin and the cost of the repairs Judge Menchine directed verdicts for Trans-System and the issue of the liability of Trans-System for the fire damages caused to the tractor was submitted

to the jury, which found its verdict in favor of the appellee and assessed damages in the amount of $2200. From the judgment rendered on the verdict as to the counterclaim this appeal was taken. Keener did not appeal from the judgments entered against him on the replevin and assumpsit counts.

Both parties agree that a bailment for hire existed, that the bailed property was not returned, and that such failure or inability on the part of the bailee made out a prima facie case of negligence on the part of the bailee. They further agree that the burden of proof remains upon the plaintiff to show negligence on the part of the defendant and that the prima facie case established by the failure to return the bailed property simply shifts to the defendant the burden of going forward with the evidence showing that it was not negligent. *Fox Chevrolet Sales v. Middleton,* 203 Md. 158, 99 A. 2d 731, 43 A.L.R. 2d 399; *Schleisner Co. v. Birchett,* 202 Md. 360, 96 A. 2d 494. They seem further to agree, correctly we think, that if it is shown by competent evidence that the defendant as bailee was not negligent in its care for the safety of the bailed property, then the effect of the prima facie case is negated and the burden of going forward with the evidence is shifted back to the plaintiff, *Fox Chevrolet Sales v. Middleton, supra,* who must then by affirmative evidence show that the circumstances of the injury were such that the bailee was negligent in the exercise of its duty of proper care for the bailed property. *Fox Chevrolet Sales v. Middleton, supra; Hambleton v. McGee,* 19 Md. 43.

The necessity of showing negligence is because of the fact that the bailee is not an insurer of the safety of the property entrusted to its care, *Darby Co. v. Hoffberger,* 111 Md. 84, 73 Atl. 565, but as a bailee for hire or mutual benefit owes only such care as persons of common prudence in their own situation and business usually use in the custody and keeping of similar property belonging to themselves.

In the present case the issue is whether the appellant, by offering evidence of the precautions taken by it and without making any explanation as to the cause of the fire, overcame the appellee's presumption of negligence to the extent that as a matter of law the appellee's prima facie case was rendered of no evidentiary value and a verdict should have been directed

for the appellant. In this case we think that Trans-System did present such evidence.

The appellant's evidence was that the tractor was stored in its yard which was completely enclosed by the side of its building and a seven foot high chain link fence topped with three strands of barbed wire angled inward; entrance to the lot was by means of a sliding gate; the tractor was parked on the rear portion of the lot two to two and a half feet from the fence; the distributor cap on the tractor was removed and it had not been started or moved during the approximately nine months period that it remained on the lot; no flammable materials were allowed on the lot in the vicinity of the tractor; there had been no record of vandalism on the premises; the lot was well lighted at all times; there were employees on the premises twenty-four hours a day seven days a week and that they frequently were about the lot while engaged in their ordinary duties; and Trans-System had never had a fire on its premises prior to the one that did damage to the tractor. Witnesses for the appellant further testified that the cause or causes of the fire were unknown to them. Appellant's witness, Edward Oberdalhoff, Jr., an employee of Trans-System, testified that between 12:30 and 12:45 a.m., on April 7, he discovered the Reo tractor on fire inside the cab between the seats; that he immediately went into appellant's building and obtained a fire extinguisher from the wall right inside the door but that by that time the fire was then out of control and that he immediately called the Baltimore County Fire Department which eventually put out the fire. The appellee offered no evidence of the cause of the fire and neither did he make any affirmative showing that any agent or employee of the appellant was guilty of any negligent act that may have contributed to the fire. Furthermore, there was no evidence of a condition existing on the premises conducive to the starting of fires.

We find that the evidence of the appellant was sufficient to overcome the prima facie case of the appellee and since no affirmative evidence of negligence was produced, or evidence from which reasonable inferences favorable to the appellee's right to recover could be drawn, that there was no legally sufficient basis for the jury's verdict which could have only been based upon

surmise or speculation, and therefore the appellant's motion for a directed verdict or for judgment n.o.v. should have been granted.

> *Judgment reversed and judgment entered for appellant for costs. Costs to be paid by appellee on this appeal.*