## THE J. E. SMITH COMPANY *vs.* EDWIN SMICK, BY HIS FATHER AND NEXT FRIEND, HENRY SMICK.

*Negligence*: *damages; burden of proof; pleadings and evidence; cause and effect. Printing presses*: *injuries to minors.*

In an action for damages for injuries claimed to have been due to the negligence of the defendant, the burden of proof is upon the plaintiff to show that the injury was caused by the negligence of the defendant as alleged in the pleadings; and the defendant has the right to have the jury confined to the issue as made by the pleadings.                        p. 281

It is not upon the evidence alone, but upon the pleadings and the evidence applicable to the pleadings that a plaintiff may recover in any case.                        p. 281

A plaintiff can not, in order to sustain a single demand, rely upon two or more distinct grounds or matters, each of which independently of the other, amounts to a good cause of action in respect to such demand.                        p. 282

The negligence alleged and the injury sued for must bear the relation of cause and effect.                        p. 283

In a suit for damages against a printing company for injuries received by a minor, alleged to have been injured by the employer's negligence, it was *held,* that the charge of negligence in the declaration was not supported by the evidence.
                        p. 284

Prayers of a plaintiff not based upon any theory set out in the pleadings are erroneous.                        p. 284

*Decided January 14th, 1913.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Robert R. Carman* and *Walter L. Clark,* for the appellant.

*James J. Lindsay,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this action against the defendant to recover damages for personal injuries received while working in the defendant's paper box factory as an employee of the defendant.

The defendant is a corporation, engaged in the manufacture of paper boxes and fibre shipping cases, and operates a plant for this purpose in the City of Baltimore.

The plaintiff is an infant and at the time of the alleged injury was about sixteen years of age. He was employed at the time as a machine hand, or job printing press feeder, by the defendant corporation.

The case was tried in the Court of Common Pleas of Baltimore City upon an amended declaration which contains two counts, and from a judgment in favor of the plaintiff for $3,000 and costs the defendant brings this appeal.

The record presents five bills of exceptions reserved by the defendant in the course of the trial. Four of these relate to the rulings of the Court upon evidence, and the fifth to its rulings upon the prayers.

The declaration contained two counts, alleging the cause of action upon which the plaintiff relied to recover in this suit.

The first count of the declaration avers, after stating the usual introductory averments, that the defendant did not furnish and provide the plaintiff with a reasonable, safe and proper place and machine in which to do and perform the work required of him, and did expose him to unnecessary risk or danger while so employed, in that the defendant assigned the plaintiff to work on a large job press machine into which the plaintiff had to feed with his right hand paper or fibre material for the purpose of printing names or designs, and the plaintiff was compelled to remove with his left hand from the machine the paper and fibre as rapidly and

as quickly as the same were stamped or printed thereon; that the machine or press on which the plaintiff was working was not protected by any shield or warning, and while the plaintiff was at work on a small job press machine, that he had been accustomed to work on, the defendant directed him to leave this machine and go to work on a machine of a much larger and different style from the one he had been accustomed to work on, in the use of which he had no experience, and for the work he had no instructions; and while working cn the large machine or press, in the exercise of due and ordi-- nary care, his right hand was caught in the machine and thereby seriously and permanently injured. And that the injuries were caused directly by the negligence and want of care on the part of the defendant corporation.

The second count is the same as the first, except it avers, that the work was a hidden danger not appreciable to an ordinary, untrained observer, which was not, and could not by the exercise of ordinary care have been known to the plaintiff; that the defendant assigned him to work on a larger and different machine, not protected by any shield or warning that the same was dangerous; that the plaintiff had no notice of the hidden dangers, and was directed to work another machine, of a much larger and different style, than he had been accustomed to work on.

Assuming that the declaration in this case states a good cause of action, it is clear there is a manifest variance between the allegations of the declaration and the facts proven at the trial and set out in the record to sustain the plaintiff's theory of the case as made by the pleadings.

The burden of proof was upon the plaintiff to show that the injury was caused by the negligence of the defendant as alleged in the pleadings, and the defendant had the undoubted right to have the jury confined to the issue as made by the pleadings. *City Passenger Ry. Co.* v. *Nugent,* 86 Md. 360; *Fletcher* v. *Dixon,* 107 Md. 420; *Darby Co.* v. *Hoffberger,* 111 Md. 86.

In *Balto. Elevator Co.* v. *Neale,* 65 Md. 457, it is said, it is a principle of universal application in actions at law, that

it is not upon the evidence alone, but upon the pleadings and the evidence applicable to the pleadings, that a plaintiff may recover in any case.

*Mr. Chitty,* in his work on *Pleadings,* 1 *Chitty, Pleading,* 249, says, that the plaintiff cannot in order to sustain a single demand, rely upon two or more distinct grounds or matters, each of which independently of the other, amounts to a good cause of action in respect of such demand.

This is the undoubted rule which has been recognized and adopted in this country and in England. *Gautret* v. *Egerton,* L. R. 2 C. P. 371; *Harford Co.* v. *Wise,* 75 Md. 38; *Darby Co.* v. *Hoffberger,* 111 Md. 86.

In the declaration in the case at bar, the ground of recovery was based upon the distinct allegation that the plaintiff was negligently transferred from a small job press machine, that he had been accustomed to work on, and put to work on another machine of a much larger and different style, and that this latter machine was not protected by any shield or warning; that the same was dangerous, and that he was inexperienced in the use of the latter machine, and no instructions were given him as to its use, and that while operating the machine his hand was caught and injured.

The second count differs from the first in the allegations, that the work was a hidden danger not appreciable to an ordinary, untrained observer.

There is no evidence in the record that tends to show that the injury occurred by reason of the alleged negligence set out in the declaration.

The testimony shows that both the machines were Improved Universal printing presses, and the machine to which the plaintiff was transferred was, what one of the witnesses called a "Sister Press" to the one, upon which he had been working.

The machines were of the same style, and the only difference was, the location of the impression bar on the outside and the size of the plate. The larger press ran regularly at the same speed and at the time of the accident, it was run-

ning as slow as it could go.   The presses were run in the same way, and the danger of operating the two was identical. The difference in the size of the plate or bed, is in no way connected with the accident.

The evidence offered on the part of the plaintiff was to the effect, that the injury was caused by the jumping or jerking of the machine while the plaintiff was feeding it.   The plaintiff testified, "when I had been working on the press about a half hour and had printed about 100 or 150 sheets all of a sudden the press gave a quick jerk and caught my right hand in it."

Q. Explain what occurred when you were putting this paper in and this jerk took place, and state what sort of a jerk it was?

A. All of a sudden the machine gave a jerk that quick (indicating) and took my hand right up; sort of pulled me up with my hand.

Q. At the time you placed this sheet in had you already taken out the other sheet?

A. Took out the sheet first, and placed one in.

Q. At the time you put that sheet in, in what position was your hand on the plate, as well as you can recall?

A. You go about half way down the plate, to put the paper in, and I put the paper in that way (indicating) and just that quick it came up and gave my hand a jerk and caught me right across there (indicating).

The cause of the jerking and jumping of the press was attempted to be explained upon several theories: first, because the set screw and lock nut were worn out, and secondly, 'that the dust, etc., in the building got on the belt and made it hug the pulley and caused the jerk."

It is clear we think, that the case the plaintiff sought to prove at the trial, was a different case from the one alleged by the pleadings.

In *Benedict* v. *Potts,* 88 Md. 54, this Court said, the negligence alleged and the injury sued for, must bear the relation of cause and effect.   The concurrence of both and the nexus

between them must exist to constitute a cause of action. *B. & P. R. R. Co.* v. *Abbott,* 75 Md. 158; *Harford Co.* v. *Wise,* 75 Md. 38; *Eyre-Shoemaker Co.* v. *Mackin,* 116 Md. 58.

As the charge of negligence in the declaration in this case, is not supported by the evidence, the defendant's second prayer should have been granted which asked the Court to instruct the jury, "that under the pleadings in this case there is no evidence legally sufficient to entitle the plaintiff to recover, and that their verdict shall be for the defendant upon the issues joined."

This prayer was based upon the insufficiency or the want of evidence to prove that the injury to the plaintiff was occasioned by the negligence of the defendant as alleged in the pleadings and is the usual prayer approved by this Court in like cases. *M. & M. Trans. Co.* v. *Hazelton,* 108 Md. 566; *Firor* v. *Taylor,* 116 Md. 79.

The plaintiff's first and fourth granted prayers were not based upon any theory set out in the pleadings. The defendant's special exception therefore to the prayers for the want of evidence legally sufficient to support them should have been sustained and the prayers rejected.

The defendant's second and one-half prayer and the second and three-fourths prayer are the same as the defendant's second prayer, except they refer to the first and second counts of the declaration separately.

We shall not discuss in detail the defendant's rejected prayers, because they were not based upon the theory of the case, as made by the pleadings, and were properly rejected.

The questions and answers embraced in the first, second, third and fourth bills of exceptions were improper and irrelevant under the pleadings and the answers were prejudicial to the appellant's case. The exceptions should have been sustained and the evidence excluded.

It follows, for the reasons stated that the judgment will be reversed, and a new trial will be awarded.

> *Judgment reversed, and a new trial awarded, the appellee to pay the costs.*