# EDWARD S. PILLARD

*vs.*

## THE CHESAPEAKE STEAMSHIP COMPANY OF BALTIMORE.

*Negligence : burden of proof.   Res gestæ : mere nearness to point
of time not sufficient.   Res ipsa loquitur : not applicable
in case of every accident.   Steamboats : gangplanks ;
passenger falling.*

A statement made near enough to an accident in point of
time, to be admissible on that ground, as part of the *res gestæ,*
is not so admissible, unless it also appears that the statement
was voluntarily made by one who was under the influence of
the excitement induced by the accident, or that the party mak-
ing the statement had, or was in a position to have had, knowl-
edge of his own upon the matter.                              p. 474

Except in cases involving the doctrine of *res ipsa loquitur,*
the mere fact of an accident does not of itself raise any pre-
sumption of negligence.                                     p. 474

Where a passenger, in boarding a steamboat by a gangplank,
safely constructed in the usual manner, slipped and fell, and
there was no evidence of any negligence on the part of the
steamboat company, such negligence is not to be presumed.
                                                    p. 474

In general, where a plaintiff charges negligence in his decla-
ration, the burden of proof is upon him to sustain it by proof.
                                                    p. 474

No one is responsible for injuries resulting from unavoidable
accident while engaged in a lawful business.        pp. 474-475

*Decided January 12th, 1915.*

Appeal from the Baltimore City Court.   (Soper, C. J.)

The facts are stated in the opinion of the Court.

The following are the prayers that were offered, and the action of the Court upon the same:

*Plaintiff's First Prayer*—The plaintiff prays the Court to instruct the jury that if the plaintiff was injured by falling from a gangplank, or gangboard, or gangway, while walking from the wharf of the defendant to the boat of the defendant, having purchased a ticket entitling him to travel on said boat, then the plaintiff was a passenger of the defendant at the time of said injury.  (*Granted.*)

*Plaintiff's Second Prayer*—If the jury believe from the evidence that the plaintiff was injured while a passenger of the defendant, the fact of such injury is *prima facie* evidence of the negligence on the part of the defendant, throwing upon it the onus of rebutting the presumption, by showing there was no negligence on its part.  (*Rejected.*)

*Plaintiff's Third Prayer*—That in order to rebut the presumption of negligence upon its part, the defendant must show that the injuries sustained by said plaintiff while a passenger of the defendant, if the jury find he was so injured, could not have been prevented by the utmost care and diligence, not only in the care and management of its passengers while embarking on its boat, but also in the structure and care of all arrangements and appliances used upon or about said boat and necessary to the safety of passengers.  (*Rejected.*)

*Plaintiff's Fourth Prayer*—The plaintiff prays the Court to instruct the jury that if they shall find for the plaintiff, then in estimating the damages to be given they, the jury, may consider the health and mental and physical condition of the plaintiff before the injury complained of, as compared with his present condition of mind and body in consequence of the injury, and whether the injury is in its nature perma-

nent, and how far if at all it is calculated to disable the plaintiff from engaging in those employments and pursuits for which, in the absence of the said injury, he would have been qualified; also the physical and mental suffering, if any, to which he has been subjected by reason of the said injury, and also the pecuniary loss and expense if any to which he has been subjected by reason of said injury, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which he has ·sustained. · (*Granted.*)

*Plaintiff's Fifth Prayer*—If the jury believe the defendant was the owner of the boat mentioned in the declaration and sold the plaintiff a ticket and received and accepted him as a passenger to be carried on said boat, then defendant was bound to exercise on and about said boat for plaintiff's safety the utmost degree of care and skill which was consistent with the nature of its undertaking. (*Granted.*)

*Plaintiff's Sixth Prayer*—If the jury believe the facts stated in plaintiff's fifth prayer, and further believe plaintiff was injured by reason of the absence of such care and skill as it is required by plaintiff's fifth prayer to exercise in performing its said undertaking, then he is entitled to recover in this action, unless the jury find that by his own negligence he directly contributed to the injury he received. (*Granted.*)

*Plaintiff's Seventh Prayer*—The degree of care required of a passenger is not the highest degree of care, but only the ordinary care which ordinarily prudent people are accustomed to exercise. (*Granted.*)

---

*Defendant's First Prayer*—The Court instructs the jury that there is no evidence in this case legally sufficient under the pleadings to show any negligence on the part of the defendant, and that therefore their verdict must be for the defendant. (*Refused.*)

*Defendant's Second Prayer*—The defendant prays the Court to instruct the jury that there is no evidence in this

case legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant. (*Refused.*)

*Defendant's Third Prayer*—The defendant prays the Court to instruct the jury that the plaintiff in this case has been guilty of such negligence contributing to his injury as will preclude his recovery in this case, and the verdict of the jury must therefore be for the defendant. (*Refused.*)

*Defendant's Fourth Prayer*—The burden of proof is upon the plaintiff to show that the injury complained of was caused by the want of ordinary care on the part of the defendant, and unless the jury shall be satisfied by the preponderance of testimony that the injury complained of was caused solely by the want of ordinary care on the part of the defendant, the plaintiff is not entitled to recover, and the verdict must be for the defendant. (*Rejected.*)

*Defendant's Fourth Prayer*—The burden of proof is upon the plaintiff to show that the injury complained of was caused by the want of the proper degree of care on the part of the defendant, and unless the jury shall be satisfied by the preponderance of testimony that the injury complained of was caused solely by the want of the proper degree of care on the part of the defendant, the plaintiff is not entitled to recover, and the verdict must be for the defendant. (*Rejected.*)

*Defendant's Fifth Prayer*—The defendant prays the Court to instruct the jury that the burden of establishing by a preponderance of proof satisfactory to them the state of facts alleged in the declaration rests upon the plaintiff; and if the testimony in this case should be such as to leave the minds of the jury in a state of equipoise as to the truth of the allegations in the declaration, the verdict must be for the defendant. (*Granted.*)

*Defendant's Sixth Prayer*—The Court instructs the jury that if they are unable to determine, from the evidence, how the accident happened, then their verdict must be for the defendant. (*Granted.*)

*Defendant's Seventh Prayer*—Notwithstanding the jury shall believe from the evidence that the defendant was guilty

of negligence, yet if they shall further believe from the evidence that the plaintiff, Pillard, was also guilty of negligence, and that the accident was directly caused partly by the defendant's negligence and partly by the plaintiff's negligence, then the verdict of the jury must be for the defendant, without regard to whose negligence was the greater. (*Granted.*)

---

*Court's Instruction*—The burden of proof is upon the plaintiff to show that the injury complained of was caused by the failure of the defendant to exercise the highest degree of care consistent with the nature of its undertaking, and unless the jury shall be satisfied by the preponderance of testimony that the injury complained of was caused solely by the failure of the defendant to exercise such care, the plaintiff is not entitled to recover, and the verdict must be for the defendant. (*Granted.*)

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Joshua Horner, Jr.,* and *Walter D. Eiseman,* for the appellant.

*John H. Skeen* (with whom was *Arthur D. Foster* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

In this action recovery is sought to be had for injuries suffered by the plaintiff while going on board of a steamer of the defendant company. Between 4 and 4:30 P. M. on the 24th day of August, 1912, the plaintiff with his wife went on board the steamer Atlanta, belonging to the defendant company, and purchased tickets for passage to Gloucester Point.

He then returned to the wharf for the purpose of checking his trunk. This accomplished he started to rejoin his wife on the steamer, the access to which was over a gangway about three feet in width, extending from the wharf to the vessel. Across this gangway were nailed at intervals of fourteen inches, cleats or slipping strips to prevent those passing on it from slipping, and on the sides were rails to guard persons, going and coming, from falling off. Where the gangway ended on the vessel it was elevated some seven inches above the level of the deck, and there was attached at this end an extension or apron by means of strap hinges counter sunk in the planks. According to the plaintiff's own evidence, these hinges had become smooth and slippery, and that stepping on one of these hinges he slipped and was thrown violently against a stanchion or bit and severely injured. He was assisted to his feet by some one, whom he calls the watchman and helped into the cabin where his wife was.

The record contains but two bills of exception, one relating to evidence, the other to the action of the Court on the prayers. When the plaintiff reached his wife, she hastened to bathe his face with cold water, and while so engaged she said to some one, whom she speaks of as the watchman, "How did this happen anyhow?" An objection to this question was sustained, and this action of the Court forms the first bill of exceptions. There had been no testimony given tending to show that the person to whom the inquiry was addressed had seen the accident, and the question as framed might have called equally well for an expression of opinion by the witness or a statement of facts, assuming that he knew them. If the purpose of the question was to elicit the opinion of the witness, it was clearly inadmissible, *Tall* v. *Steam Packet Co.*, 90 Md. 257, and if it was intended to bring out a statement of facts tending to show negligence, it was objectionable as hearsay. It is claimed on behalf of the appellant to constitute a part of the *res gestae* and admissible as such. But it is

to be observed that while near enough in point of time to be so regarded, there is nothing to show that it was a voluntary statement, made under the influence of excitement induced by the accident, or that the person to whom Mrs. Pillard's question was addressed had or was in a position to have had knowledge of his own upon the matter, and no error was committed by the Court in its ruling.

The remaining exception reserved to the action of the Court on the prayers, raises the important question in the case. The plaintiff's second and third prayers were refused and rightly so. Tersely stated, they both embodied this proposition, shown an accident, negligence is presumed. Such is not the law of this State, except in cases where the surrounding circumstances are such as to admit of the application of the doctrine of *res ipsa loquitur,* and the facts as testified to in this case will not bring the case within the operation of that rule. In the case of *Benedick* v. *Potts,* 88 Md. 55, McSHERRY, C. J., said, that the maxim is applicable to two classes of cases only; "first, when the relation of carrier and passenger exists, and the accident arises from some abnormal condition in the department of actual transportation; second, where the injury arises from some condition or event that is, in its very nature, so obviously destructive of the safety of person or property and is so tortious in its quality as, in the first instance at least, to permit no inference save that of negligence on the part of the person in control of the injurious agency." The rule so laid down has been frequently approved since. *Arnold* v. *Green,* 95 Md. 217; *W. M. R. R. Co.* v. *Shirk,* 95 Md. 637; *So. Balto. Car Co.* v. *Schaefer,* 96 Md. 88; *Stewart* v. *Harman,* 108 Md. 446; *B. & O. R. R.* v. *Black,* 107 Md. 661; *Smith* v. *Smick,* 119 Md. 279. The plaintiff in this case charged negligence in his declaration, and it was incumbent upon him to prove it, or as was said in *B. & O. R. R.* v. *Savington,* 71 Md. 599, citing *Parrott* v. *Wells Fargo & Co.,* 15 Wall. 537: "No one is responsible for injuries resulting from unavoidable accident whilst

engaged in a lawful business. A party charging negligence as a ground of action *must prove it.* He must show that the defendant by his act or by his omission has violated some duty incumbent upon him, *which caused the injury complained of."*

The appellant further complains of the granting of the defendant's fifth prayer, which was as to the burden of proof, and was a prayer which has frequently received the approval of this Court. The granting of the defendant's seventh prayer, on the subject of contributory negligence, is also objected to. Without unduly protracting this opinion, it is sufficient to say, that there were some circumstances testified to which, if believed by the jury, would have warranted the deduction of such negligence on the part of the plaintiff.·

In addition to ruling upon the prayers, the Court gave an instruction of its own, which comprehended both the burden of proof and the question of negligence. It was not in conflict with any of the prayers which had been granted; the only criticism to which it was justly open was that it was a repetition of matters with regard to which instructions had already been granted, and for that reason was unnecessary. But it stated in short, simple language the rules of law appropriate to the case as made out, and no injury could have resulted to the plaintiff from the giving of it.

As no error is found in the rulings of the trial Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*