## JOHN FAIT AND THE WILLIAM J. BURNS DETECTIVE AGENCY

*vs.*

### JAMES P. BANNON.

*Malicious prosecution: what must be proved; malice; want of probable cause; advice of counsel.   Prayers: abstractions of law; exceptions to—; specific exceptions.*

In order to maintain an action of malicious prosecution, the plaintiff must prove affirmatively that he has been prosecuted, or that a prosecution has been instituted by the defendant or one of them; that such prosecution has terminated in his acquittal or exoneration from such charge, and that the prosecution was malicious and without probable cause.

Malice in such cases may be presumed upon the establishment of the want of probable cause; and the burden of proof is then upon the defendant to show such facts as will warrant a jury in finding that he was not actuated by malice.

"Malice" in such actions is not to be considered as spite or hatred against the individual, but that the party is actuated by improper or indirect motives.

The want of probable cause is a mixed question of law and fact.

What will amount to want of probable cause is a question of law for the court; and the existence of the facts relied upon as evidence of such want of probable cause in any particular case, is a question for the jury.

Prayers that are mere abstractions of law are improper, although the principles they announce may be correct.

In order to present for the review of the Court of Appeals, the action of the trial court on a prayer that was objected to because unsustained by any evidence, a special exception must be noted.

For the advice of counsel to serve as a defense to an action of malicious prosecution, it must appear that all the material facts in the possession of the defendant were fully and fairly made known to the counsel.

*Decided February 29th, 1916.*

Appeal from the Superior Court of Baltimore City. (DUFFY, J.)

*Affirmed.* Opinion by CONSTABLE, J.

The cause was argued before BOYD, C. J., BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*L. Wethered Barroll* and *Robert J. Gill* (with whom were *Hope H. Barroll* and *E. Leo Dunnock,* on the brief), for the appellants.

*George W. Cameron,* for the appellee.