# CHARLES W. HAVENS

## *vs.*

## A. J. REACH COMPANY.

*Exception to Prayer—Insufficiency of Evidence—Action for Spinning of Yarn.*

An exception to a prayer on account of insufficiency of evidence to support it is, under Rule 4 of the Court of Appeals, defective if it fails to specify in what respect or distinctly to state wherein the evidence is insufficient.                     p. 484

In an action under an oral contract to recover compensation for the spinning of yarn for defendant mill company, the question of the true meaning of the contract being for the jury, and no special exception being filed to the instruction, it was not reversible error to instruct the jury that the unsuitability for defendant's purpose of the yarn spun by plaintiff was no defense, "provided the yarn was spun in the manner called for by the plaintiff's contract with the defendant."          p. 484

*Decided November 30th, 1921.*

Appeal from the Circuit Court for Cecil County (AD-KINS, C. J., HOPPER, and WICKES, JJ.).

Action by the A. J. Reach Company against Charles W. Havens, trading as Downingtown Woolen Mills. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Joshua Clayton,* with whom were *Isaac A. Pennypacker* and *Henry, Pepper, Bodine & Stokes* on the brief, for the appellant.

*William L. Marbury,* with whom were *Benjamin O. Frick* and *Henry L. Constable* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this suit against the defendant in the Circuit Court for Cecil County, to recover a balance of about forty-one hundred dollars, alleged to be due the plaintiff for work and labor done by it for the defendant in spinning certain yarn, in the plaintiff's mill, at Elkton, Maryland, under an oral contract between the parties.

The plaintiff is a corporation of the State of Pennsylvania, having its principal place of business in the City of Philadelphia. The defendant is an individual person, trading as Downingtown Woolen Mills, and having his main place of business at Downingtown, in the State of Pennsylvania, and also a mill at Elkton, Cecil County, Md.

The suit is in *assumpsit*, and the declaration in part avers that, on or about the 8th day of August, 1919, the defendant entered into an oral contract with the plaintiff, whereby the plaintiff agreed to spin for the defendant fifteen thousand pounds cut cashmere yarn, at its mill in Elkton, Maryland, from raw stock to be furnished by the defendant at a fixed compensation of thirty-two cents per pound, the yarn to be wound on cops to be supplied by defendant; that the plaintiff actually spun more than ten thousand pounds of yarn under the contract, and shipped to the order of the defendant over nine thousand pounds thereof, but the defendant subsequently notified the plaintiff to discontinue the spinning of the remaining part of the fifteen thousand pounds of yarn stated in the contract, and also refused to furnish the plaintiff with sufficient pounds of material or of raw stock to complete the contract. The declaration then avers that there is due and owing to the plaintiff by the defendant the sum of three thousand three hundred twenty dollars for the yarn actually spun and delivered, and also the sum of six hundred and ninety-three dollars as profit, which the plaintiff would have made on the remaining four thousand six hundred twenty-two pounds of yarn, which the plaintiff was prevented from

earning because of the wrongful breach of the contract by the defendant.

The defendant, in addition to his denial of the plaintiff's claim, pleaded the breach of the contract by the plaintiff, and made a counter-claim for the sum of $29,417.85 for its breach by the plaintiff in negligently, unskilfully and improperly mixing the stocks and spinning the yarn, whereby the yarn produced was not of the kind and quality which plaintiff agreed to spin from the materials furnished by the defendant, according to the contract.

At the trial of the case, the verdict and judgment were in favor of the plaintiff, for the sum of $4,100.62, and from that judgment this appeal has been taken.

The record contains eight exceptions, seven of which relate to the rulings of the court on questions of evidence and one to its rulings on the prayers.

As the action and ruling of the court upon the prayers presents the principal questions in the case, it will be considered by us before passing upon the rulings of the court upon the admissibility of evidence.

The plaintiff's first and second prayers were granted and its third, fourth, fifth and sixth prayers were rejected.

The defendant offered seven prayers, of which five were granted and two were rejected. The court gave an instruction of its own, in lieu of the plaintiff's rejected third, fourth and fifth prayers, and in connection with the defendant's seventh prayer.

The defendant excepted to the granting of the plaintiff's first and second prayers, to the overruling of a special exception to the first prayer of the plaintiff, to the granting of the court's instruction in lieu of the plaintiff's third, fourth and fifth prayers and in connection with the defendant's seventh prayer, and also excepted to the rejection of his first and second prayers.

The special exception to the plaintiff's first prayer, it will be seen, is defective and insufficient, in that it does not specify

in what respect or distinctly state wherein the evidence was legally insufficient to support the prayer.

The form of the exception is simply that the defendant excepts specially to granting the first prayer of the plaintiff, for the reason that no evidence legally sufficient has been adduced in the case to support the same.

It has been frequently held by this Court that an exception in this form was defective and not in compliance with rule 4 of this Court, which provides in part, "nor shall any question arise in the Court of Appeals as to the insufficiency of evidence to support any instruction actually granted, unless it appear that such question was distinctly made to and decided by the court below." *Code,* art. 5, sec. 4; 2 *Poe, Pl. & Pr.,* sec. 315, p. 253; *Balto. & O. R. R. Co.* v. *Mali,* 66 Md. 53. There was no error, for the reasons stated, in overruling the special exception to the plaintiff's first prayer and, as it was correct in other respects, it was properly granted.

By the plaintiff's second prayer, which was granted, the jury were further instructed, "that the fact, if they should find it to be a fact, that the yarn spun by the plaintiff in said contract was not suited for the purposes for which the Bellevue Worsted Mills wanted it is a matter of no consequences to the plaintiff in this case, and cannot affect his rights to recover for the breach of his contract by the defendant, if the jury find there was such breach, *provided the yarn was spun in the manner called for by the plaintiff's contract with the defendant"*

There was no special exception filed to this prayer, and as the contract in this case was an oral one, the question as to its true meaning was clearly one of fact for the jury and not a question of law for the court. We find no reversible error in the granting of this prayer.

The refusal of the defendant's first and second prayers was clearly correct. These prayers did not contain a correct statement of the law, as applicable to the case, and the theory

upon which they were based was not supported and sustained by the evidence.

The defendant's third, fourth, fifth, sixth and seventh granted prayers, in connection with the instruction given by the court, it will be seen, presented the law, covering the theory of the defendant's case, in as favorable a view as could have been asked by him.

We have examined the rulings as to the admissibility of evidence and have found no reversible error in any of them.

As the record contains no rulings of the court below, either on the prayers or the evidence, of which the defendant can properly complain, the judgment will be affirmed.

*Judgment affirmed, with costs.*