## DAVID ASKIN *v.* ELIZABETH H. MOULTON.

*Contributory Negligence—Pedestrian at Street Crossing—Failure to Observe Street Car—Sudden Backing of Automobile—Evidence—Admissions—Self-Serving Declarations.*

Credence cannot be given the evidence of a person who says that she looked and did not see a thing which she must have seen had she looked.                    p. 143

A person who commits an act of such recklessness, directly contributing to the injury complained of, as would leave no difference of opinion as to its imprudence in the minds of ordinarily prudent men, cannot recover.                    p. 143

A pedestrian crossing a street, in obedience to a signal from the traffic officer, was not guilty of contributory negligence as matter of law, because she failed to see a street car, in front of which she was forced by the sudden backing, without warning, of an automobile, previously parked at the side of the street.                    pp. 143, 144

Testimony of plaintiff and her husband, then present, that defendant's automobile suddenly backed without warning, thereby forcing her in front of a street car, *held* sufficient for submission to the jury.                    p. 144

A pedestrian, forced, while crossing a street, in front of a street car, by the backing of an automobile, previously parked

at the side of the street, was not guilty of contributory negligence as matter of law, in failing to anticipate that the automobile would be thus backed without warning over the space reserved for pedestrians while crossing, such backing being itself an act of negligence.                    p. 144

Under Code, art. 5, section 11, the question of a variance between the pleadings and the proof cannot be raised by a prayer that there is no legally sufficient evidence "under the pleadings" to entitle the plaintiff to recover.                    p. 145

On an issue as to whether defendant was, at the time of the accident to plaintiff, the owner of the automobile, or was operating it, *held* that the evidence that defendant was operating the car was sufficient to go to the jury.                    pp. 145, 146

When a statement, made by a party to the case, contains both admissions and self-serving declarations, the jury may believe the part containing the admissions, while rejecting, on reasonable grounds, the self-serving declarations.                    pp. 146, 147

It is the province of the court to decide whether there is any evidence to prove a fact, and for the jury to determine the weight of the evidence.                    p. 147

*Decided November 13th, 1926.*

Appeal from the Superior Court of Baltimore City (FRANK, J.).

Action by Elizabeth H. Moulton against David Askin and the United Railways and Electric Company. From a judgment against the first named defendant, he appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Eugene Frederick,* with whom were *Blades, Rosenfeld & Frederick* on the brief, for the appellant.

*E. Paul Mason,* for the appellee.

WALSH, J., delivered the opinion of the Court.

This suit was brought by Elizabeth H. Moulton, the plaintiff below, against David Askin and the United Railways and Electric Company of Baltimore, to recover damages for personal injuries sustained by the plaintiff on December 3rd, 1923. At the conclusion of the plaintiff's case the trial court granted the prayers of the United Railways and Electric Company taking the case from the jury with respect to it, but the trial was permitted to proceed as to the other defendant, David Askin, and from a verdict and judgment against him he has appealed. The only exception taken below was to the action of the court in granting the plaintiff's first prayer, and in refusing to grant the third, fourth and fifth prayers of the defendant. We find no error in the plaintiff's first prayer. It is the usual damage prayer granted in personal injury cases, and has been approved many times by this Court. *East Baltimore Transfer Co. v. Goeb,* 140 Md. 534; *United Railways Co. v. Kolken,* 114 Md. 160.

The defendant's third prayer asked the court to instruct the jury that the plaintiff was guilty of contributory negligence as a matter of law, and the determination of this question will require an examination of the evidence which bears on it.

According to the testimony of the plaintiff and her husband, they were walking home on the day of the accident, the husband carrying their six months old infant, and the plaintiff pushing the baby carriage in which their child had previously been riding. About 5.30 P. M., they reached the northwest corner of Maryland and Mt. Royal Avenues and, their home being on the east side of Maryland Avenue, they decided to cross that avenue at its intersection with Mt. Royal Avenue. They waited until the traffic officer turned the semaphore against north and south bound traffic on Maryland Avenue, and then, as they both testified, having been beckoned by the traffic officer, they started crossing to the east side of Maryland Avenue. During the progress across the street the husband got slightly ahead of the plaintiff, and

just as the latter had passed or was about to pass the east rail
of the northbound street car track, an automobile, parked on
the east side of Maryland Avenue, just north of its intersec-
tion with Mt. Royal Avenue, backed, without any warning,
and struck the baby carriage. The husband was able to leap
to the pavement in safety, but the plaintiff, being behind the
baby carriage, was unable to continue going forward, the
carriage was pushed or knocked back against an approaching
northbound street car, and the plaintiff fell or was knocked
down in the street in such proximity to the east rail of the
northbound street car track that the front right wheel of the
approaching street car ran over two of her toes and occa-
sioned the injuries for which this suit was brought.

The plaintiff testified that she did not see the street car
at all, and her husband said he did not see it until it was
"on top" of them, and the defendant contends that this fail-
ure on the plaintiff's part to see what she must have seen had
she looked, constitutes, under the circumstances of this case,
contributory negligence as a matter of law. To this conten-
tion we cannot assent. It is true that credence cannot be
given the evidence of a person who says she looked and did
not see a thing which she must have seen had she looked.
*Sullivan v. Smith,* 123 Md. 556; *Fulton Bldg. Co. v. Stichel,*
135 Md. 549. And it is equally true that a person who
commits an act of such recklessness, directly contributing to
the injury complained of, as would leave no opportunity for
difference of opinion as to its imprudence in the minds of
ordinarily prudent men, cannot recover. *Balto. & O. R. R.
v. State, use of Wiley,* 72 Md. 36, 40; *Texas Co., Inc., v.
Wash. B. & A. E. R. Co.,* 147 Md. 167. But we do not think
these principles conclude the plaintiff in this case. She testi-
fied that when she started across the street the semaphore was
turned against north and south bound traffic, and that the
traffic officer beckoned her to cross, that, when she reached
the last street car rail she had to traverse, her passage was
interrupted and delayed by the sudden backing, without
warning, of the automobile into and against the baby car-

riage, and that this action by the automobile prevented her clearing the street car track in safety. It is admitted that the rear of the parked automobile was about even with the building line on Mt. Royal Avenue, so that if the automobile was backed, as the plaintiff said it was, it would necessarily have encroached upon the space provided for and used by pedestrians in crossing Maryland Avenue at that point, and if this encroachment, made without warning, resulted in a collision with the baby carriage, which prevented the plaintiff from continuing forward, and thus avoiding the street car altogether, it is difficult to understand how she could be held guilty of contributory negligence, as a matter of law, because of her failure to observe the street car. Under the plaintiff's theory of the case she would not have been touched by the street car had her progress across the street not been interrupted by the backing of the automobile, and, while there was a direct conflict in the evidence on this point, the defendant's witnesses swearing that the automobile did not back at all, we are clearly of the opinion that the testimony of the plaintiff and her husband was sufficient to justify submitting that question to the jury. Nor do we think the failure of the plaintiff to anticipate that the automobile might back against the baby carriage constitutes contributory negligence as a matter of law. The backing of the automobile, without warning, over the space reserved for the use of pedestrians crossing the street, was in itself an act of negligence, and, as it is not to be presumed that a negligent act will be committed, it would seem to require no argument to show that the plaintiff in this case could not be barred as a matter of law from recovering, simply because she did not anticipate that the automobile in question would be operated carelessly.

The defendant's fourth prayer asked the court to instruct the jury that there is no evidence legally sufficient to entitle the plaintiff to recover, and his fifth prayer asked for an instruction "that there is no legally sufficient evidence in this case under the pleadings to entitle the plaintiff to recover."

Since the passage of chapter 110 of the Acts of 1914 (section 11 of article 5 of the Code of 1924), this Court has held repeatedly that the question of a variance between the pleadings and proof cannot be raised by a prayer couched in the language of the defendant's fifth prayer, and, as the defendant's fourth prayer obviates any need of treating the fifth prayer as a demurrer to the evidence, we find no error in the rejection of the fifth prayer. *Balto. & O. R. R. Co. v. Walsh,* 142 Md. 237; *Baltimore v. Terio,* 147 Md. 332-334; *Day v. Weinstein,* 148 Md.

The defendant contends that his fourth prayer should have been granted on the ground that the evidence in the case was not legally sufficient to show that at the time of the accident he owned or was operating the automobile which is alleged to have caused the accident.

The defendant himself testified that the automobile in question was owned at the time of the accident by a Mr. Sindler, now a resident of New York, and this testimony was corroborated by the witnesses Sindler, Owens and Hereford, and by certain records of the automobile commissioner's office. The defendant and the three witnesses just mentioned also testified that when the accident occurred Mr. Sindler was at the wheel, the defendant was in the front seat beside him, Mr. Owens was in the rear seat, and Mr. Hereford was standing on the pavement talking to Mr. Owens; that they had all been in these same positions during the five or six minutes immediately preceding the accident, that during this time the automobile had not moved at all and did not move prior to the accident, nor for fifteen minutes after it occurred, and that the defendant did not drive the automobile either before or after the accident, was not at any time behind the wheel, and had only gotten in the automobile a few minutes before the accident at the invitation of Mr. Sindler, who hailed him as he was passing by and asked him if he wished to be driven home.

The plaintiff, on the other hand, testified that there was only one man in the car, the driver, at the time of the acci-

dent, and in this she was corroborated by her husband, and
by the motorman of the street car. None of these witnesses
were able to identify the defendant as being the driver, but
two of them were quite positive that the driver was the only
person in the automobile. The traffic officer, who was about
one hundred and twenty-five feet from the scene of the acci–
dent, testified that when he got there the plaintiff was just
about to be lifted from the space between the street car and
the automobile, and that at that time the defendant, whom
he knew, was seated in the automobile behind the wheel, and
that he was the only person in the automobile. In addition
to the foregoing testimony, the attorney for the plaintiff
testified that, in response to a letter written by him to the
defendant, the latter called at his office and made, according
to the attorney's notes taken at the time, the following state–
ment about the accident:

"On the day of the accident, I got in my car standing on
the east side of Maryland Avenue, the rear wheels being
out about the building line of Mt. Royal Avenue; and I
heard a scream and looked to the side of the car and saw
a street car go by and saw the baby carriage in the street;
that I had not started my car, that I had just put the key in
the lock."

The defendant denied that he referred to the automobile
as "my car," or that he said anything about putting "the
key in the lock," but he admitted making some statement to
plaintiff's counsel, and afterwards declining, on the advice
of his own counsel, to sign the statement.

The defendant contends that the jury could not properly
believe the portion of this statement tending to show that
he was operating the car, without also believing that part
of it which denied that the car had been started prior to
the accident, but we do not think this contention is sound.
The rule governing this phase of admissions is thus stated in
22 *Corpus Juris,* 415: "When an entire statement is admitted
in evidence the self-serving part of it must be duly considered
and weighed together with the unfavorable part. But all.

parts of the statement are not necessarily to be regarded as
worthy of equal credit.   The triers of fact may reject such
portions, if any, as appear to be inconsistent, improbable, or
rebutted by other circumstances in evidence, but they are
not at liberty to disbelieve the self-serving part capriciously
and without any reasonable ground."

See also *Reynolds v. Manning,* 15 Md. 510-528.

In the present case there was the direct testimony of the
plaintiff and her husband that the automobile did move, and
the jury certainly had a right to believe this testimony, if
they thought it true, and at the same time to construe the
defendant's whole statement as being some evidence that he
was the operator of the automobile.   Almost the entire testi-
mony regarding the defendant's relation to the automobile is
conflicting and contradictory, but, in our opinion, the plain-
tiff offered sufficient evidence to take the case to the jury.
As this Court said in *Dearholt v. Merritt,* 133 Md. 330: "The
established doctrine as to the respective provinces of the
court and jury, is that it is the province of the court to
decide whether there is any evidence to prove a fact and for
the jury to determine the weight of the evidence."   See also
*Nat. Mech. Bank v. Nat. Bank of Baltimore,* 36 Md. 5.   In
the case we are considering, the testimony of the plaintiff,
her husband, the motorman and the traffic officer, taken in
connection with the statement of the defendant, certainly
constituted some **evidence that the defendant** was operating
the automobile at the time of the accident.

Finding **no error in the rulings** appealed from, the judg-
ment will be affirmed.

*Judgment affirmed, the appellant to pay the costs.*