### GREENWALD, Incorporated, v. CAREY G. McLAUGHLIN.
[No. 89, October Term, 1930.]

*Decided January 16th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

342

*Daniel S. Sullivan,* with whom was *James J. Carmody* on the brief, for the appellant.

*James P. Bramhall* and *Willis R. Jones,* with whom were *Bramhall & McCabe* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This appeal is by a defendant from a judgment for damages from personal injuries sustained by a government inspector of meat in a fall while escaping from a steer at large in a slaughter house. Review is sought of the overruling of a demurrer to the declaration, of the refusal to direct a verdict for the defendant, and of the granting of an instruction prayed by the plaintiff.

The declaration first specifically alleged acts of negligence in making it possible for the steer to be free, and followed this with an allegation in a new paragraph of negligence generally as a cause of the injury: "That the aforesaid injuries and damages suffered by him were caused solely and exclusively by the negligence and carelessness of the defendant, its servants and agents, and without any negligence or want of care on the part of the plaintiff." And the appellant contends in support of its demurrer that this general allegation enlarged the ground of recovery without affording the defendant notice and warning of the case it might have to meet. *Jeter v. Schwind Quarry Co.,* 97 Md. 696, 55 A. 366; *Keyser v. Richards,* 148 Md. 669, 677, 681, 130 A. 41; *Frisch v. Baltimore,* 156 Md. 310, 312, 144 A. 478. But this court concurs in the view of the trial court. The broad reference to negligence at the close of the declaration, which is customary in Maryland practice, is not taken as an allegation of negligence in any respects other than, or in addition to, those more particularly alleged. *Smith Co. v. Smick,* 119 Md. 279, 281, 86 A. 500; *Joyce v. Flanigan,* 111 Md. 481, 484, 492, 74 A. 818. And the decisions cited in support of the appellant's view were not to the effect that the ground of recovery, even when confined by instructions to the pleadings, was, by the added broad allegation in the plead-

ings, left without limit as contended. *White v. Parks,* 154 Md. 195, 202, 140 A. 70; *Parr v. Peters,* 159 Md. 106.

This court agrees with the conclusion of the trial court that there was legally sufficient evidence of the facts necessary to a recovery by the plaintiff. The evidence is substantially this: The plaintiff was working in a large room used for the slaughtering and the dressing of carcasses. The floor is commonly, and necessarily, wet while the work is going on. The cattle enter from outside the building into a small inclosure or room partitioned off in one corner, called a holding pen, and pass into a section of that pen called a knocking pen, where they are stunned, and are then hauled out into the large room for slaughtering and dressing. There are two openings from the holding pen into the large room. One is by a door four and a half feet high above a baseboard one foot high, opening out into the large room, used by men going in and out, and held or opened by a common form of latch with a lifting handle on the outside and a thumb latch to be pressed down on the inside. The latch is about three and one-half feet above the floor. The other opening is from the knocking pen into the large room, and is the opening used for hauling out the stunned cattle. The door of this latter opening is raised and lowered in grooves by a chain, to a height sufficient to permit hauling out a steer by the hind leg; the full height is not more definitely given in evidence. As the plaintiff was working on the main floor with his back in the direction of the holding and knocking pens, a shout made him look back, and he found a steer charging toward him at close range. The steer came from the direction of the pens, but no one saw him enter upon the main floor, and no one has testified to the condition of the openings from the pens.

The responsible cause of the accident would seem clearly enough to have been the escape of the animal to the main floor. *Balto. & O. R. Co. v. Harris,* 121 Md. 254, 268, 88 A. 282. It is not contended that the plaintiff acted otherwise than with reasonable care for his own safety. No means of access to the floor except through the openings of the pens is

suggested as possible, and it appears certain either that one of these doors was left open or that accidental pressure of the bodies of cattle upon the thumb latch of the men's door caused it to open. In the opinion of this court, it was reasonable for a jury to attribute either occurrence to negligence of the defendant or its employees using the place, to conclude, in other words, that only a failure of ordinary care would cause a door to be left open, or the latch to be arranged or constructed so that pressure of cattle might open it, and set a steer at large. It is, indeed, not easy to imagine any cause other than a lack of care. Therefore there is at least a strong probability to support a finding of negligence. *Grzboski v. Bernheimer-Leader Stores,* 156 Md. 146, 148, 143 A. 706.

The plaintiff's prayer, the granting of which is now objected to as erroneous, asked for an instruction that a verdict must be rendered upon a finding "that the injuries to the plaintiff resulted directly from the want of ordinary care and prudence on the part of the agents and employees of the defendant." It is objected that such an instruction should be more specific, and direct the jury to consider the possibility of negligence only in permitting the escape of the animal. Without that direction, it is argued, the jury might find no negligence in causing the escape of the animal, yet render a verdict upon a supposition of negligence in some other respect, as, for instance, in respect to the wetness of the floor, where no negligence has been shown. The defendant, on its side, did not ask for the more specific direction; its second, third and fourth prayers, too, referred only to negligence generally as the permissible ground for a verdict for the plaintiff, and no prayer asked an instruction confining the jury to the more particular ground. The question of adequacy of the instruction on the plaintiff's prayer appears to be settled by the previous decisions in the cases of *United Railways & Electric Co. v. Crain,* 123 Md. 332, 349 and 350, 91 A. 405, and *White v. Parks,* 154 Md. 195, 202, 140 A. 70. The instruction is open to the objection made, as, in connection with all other instructions asked, it leaves the jury uninstructed on confining recovery to the one per-

missible ground. But correction of the inadequacy lay with the defendant. It should have prayed and obtained the more particular instruction, if it thought it necessary. The inadequacy in the instructions given, so far as they go, is not sufficient to justify a reversal and retrial of the case. *While v. Parks, supra.*

*Judgment affirmed, with costs to the appellee.*