Kimball *vs.* Harman and Burch.

(Decided 31st May, 1871.)

---

## Lewis Kimball *vs.* Robert K. Harman and Thomas B. Burch.

*Removal of Causes—Construction of section 8 of Article 4 of the Constitution of 1867 — From what an Appeal will lie.*

Under the 8th section of Article 4 of the Constitution of 1867, which makes it the duty of the Judges, upon suggestion in writing, supported by affidavit, that a fair or impartial trial cannot be had in such Court, to order the record of proceedings, "to be transmitted to some other Court

(and of a different circuit, if the party applying shall so elect,) having jurisdiction in such cases," the Judges may in their discretion order the record of proceedings to be transmitted to a Court of a *different circuit*, even though the party applying should state in his suggestion that he *did not elect* such Court.

From an order striking out a judgment solely upon the ground that the Court had no jurisdiction of the cause, and remanding the record to the Court whence the cause had been removed, an appeal will lie, notwithstanding that the motion to strike out the judgment was made during the term at which it was rendered.

APPEAL from the Circuit Court for Howard County.

The cause was tried before BARTOL, C. J., STEWART, BRENT, MAULSBY, GRASON, ALVEY and ROBINSON, J.

*Wm. A. Hammond* and *Samuel Snowden*, for the appellant.

*John Henry Keene, Jr.,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The appeal in this case is taken from an order of the Circuit Court for Howard county, striking out a judgment in favor of the appellant recovered against the appellees, and remanding the record to the Court of Common Pleas of Baltimore city from which it had been removed, on the suggestion of the appellees.

It appears that the action was instituted in the Court of Common Pleas to the January Term thereof, 1869, and in June, 1870, the defendants, the present appellees, made suggestion to the Court, supported by affidavit, that they could not have a fair and impartial trial in that Court, and prayed that the record of proceedings might be ordered to be transmitted to some other Court for trial; but in the suggestion they stated that they did not elect a Court of a different circuit. Upon this suggestion the Court ordered the record to be transmitted to the Circuit Court for Howard county, where

it was in fact sent, and in which latter Court, on the 8th of September, 1870, the case was tried, and a verdict and judgment thereon rendered in favor of the appellant for $495.12. And on the 16th of September, 1870, the appellees filed a motion to strike out the judgment, assigning several reasons in support of such motion, the second of which was the want of jurisdiction in the Court to take cognizance of the cause. This motion was heard, and on the 30th of December, 1870, the Court ordered that the second reason assigned by the appellees for striking out the judgment be sustained, and that the judgment be accordingly stricken out, and that the record be remanded to the Court of Common Pleas from whence it was removed. It is from this order that the appeal is taken, and the only question presented by it is the one of jurisdiction, whether the cause was properly removed from the Court of Common Pleas to the Circuit Court for Howard county.

It is contended on the part of the appellees, that inasmuch as they did not elect to have the cause removed to some Court of a different circuit from that to which the Common Pleas belongs, but having elected to remain in that particular circuit, it was error in that Court to order the record to be transmitted to the Circuit Court for Howard county, being a Court of a different circuit, and that the latter Court was wholly without jurisdiction over the cause, and consequently there was no error committed by it in striking out the judgment and remanding the record. But from this proposition we entirely dissent. The Constitution of 1867 would seem to be plain, and to afford no ground whatever for the position of the appellees. By the 8th section of the 4th Article, it is made the duty of the Judges, upon suggestion in writing, supported by affidavit, to order the record of proceedings " to be transmitted to *some other Court,* (and of a different circuit, if the party applying shall so elect,) having jurisdiction in such cases." But not necessarily to some other Court of the same circuit, even although the party should elect not to go out of it. The Judges may, in their discretion, order the

record to be transmitted to any other Court having jurisdiction in such cases, except in those instances where the party applying elects to go out of the circuit, and then the discretion is so far restricted that the record must be transmitted to some other Court of a different circuit.   We must suppose, if it had been intended by the authors of the Constitution to confine the discretion of the Judges to the Courts of the particular circuit, except where the party should elect to go out of it, that apt and appropriate terms would have been employed to express their purpose.   The provision in the previous Constitutions of 1851 and 1864, in reference. to the power of removal, has been materially changed by that in the present Constitution.   By the 28th section of the 4th Article of the Constitution of 1851, it was made the duty of the Judges, upon suggestion, to order the transmission of the record to the Court of *any adjoining county ;* " provided, that the removal in all civil causes be confined to an adjoining county *within the judicial circuit,* except as to the city of Baltimore, where the removal may be to *any adjoining county.*" And by the 9th section of the 4th Article of the Constitution of 1864, the record was required " to be transmitted to some other Court *in the same or any adjoining circuit* having jurisdiction in such cases."   It is thus plain to be perceived that the provision in the present Constitution differs from that in both the preceding ones in reference to this subject.   Why this change in terms, if it was not intended to express a different rule? and as a different rule was intended, it is clear from the terms employed, that it is less restrictive than that prescribed by the former Constitutions.   For without the words in parenthesis, the discretionary power of selection conferred on the Judges by the terms, " some other Court having jurisdiction," must be conceded to be general and unlimited ; and the office of the terms in parenthesis is simply to restrict this general discretionary power of selection, and to require the record to be sent to some Court out of the circuit, if the party should so elect.   It must also be observed, that where the

party elects to go beyond the circuit, there is no restriction upon the discretion of the Judges as to the Court to which the record shall be transmitted, except that it cannot be a Court of the same circuit. This being so, why should we suppose that it was intended that a restriction should exist to confine the selection to some other Court within the circuit, in the absence of an election by the party applying to have the cause removed? There is certainly no good reason for such a restricted exercise of discretion in the one case, while such enlarged discretion is given in the other. But, apart from this, there are other reasons which would seem to be conclusive of the correctness of our construction. This particular clause of the Constitution is not to be construed in a way to do violence to other parts of the instrument. By the same Article, in which the clause under consideration occurs, the State is divided into eight Judicial Circuits, and the city of Baltimore constitutes the eighth circuit, in which there is but one Court having criminal jurisdiction. The right of removal applies to prosecutions in that Court as well as to those depending in any other Court in the State, and yet every case that may be removed from it, must be removed to some Court of a different circuit, and that too without any regard whatever to the election of the party applying for the removal. And so in those circuits composed of but two counties, if the plaintiff in a civil action, or the State in a criminal prosecution, should apply for removal and not elect to go beyond the circuit, and the record should be transmitted to the other Court in that particular circuit, and afterwards the defendant or party accused should think proper to suggest a removal, as he has a right to do, under the Constitution, and the Act of 1868, ch. 180, and should decline or fail to elect to have the cause removed to a different circuit, or should, as in this case, elect to remain in the circuit, what is to become of the cause, if the construction contended for by the appellees should prevail? The inevitable consequence would be that, all jurisdiction in the circuit having been

exhausted, the action or prosecution would fail for the want of a competent Court to try it. We cannot suppose for an instant that the framers of the Constitution ever contemplated such a result, and we are by no means disposed to place a construction upon their work that would lead to such an embarrassment in the administration of justice in the Courts of the State. Besides, it is eminently proper that there should be a large discretion reposed in the Judges as to the Courts to which the record should be transmitted. Expedition of trial, convenience to the parties concerned, and witnesses, economy, as well as various other matters, often, and most generally do, enter into the considerations that influence the discretion of the Judges in selecting the Court to which to transmit the record for trial ; and no construction would be beneficial to the public that would restrict or preclude such considerations in a large proportion of the removals that occur. The right of election by the party only applies where he desires the cause to be removed to some Court of a different circuit, and the discretion of the Court is entirely uncontrolled by any election of the party that the record should be transmitted to some Court of the same circuit.

It has been contended, however, on behalf of the appellees, that as the motion to strike out the judgment was made during the term at which the judgment was rendered, and the case is still for trial, no appeal lies to this Court from the order of the Court below. But obviously there is nothing in this objection. The judgment was stricken out solely upon the ground, as it appears, that the Court had no jurisdiction of the cause, and consequently the record was remanded to the Court of Common Pleas whence it came. The Common Pleas having no jurisdiction over the cause, there is no Court, as the case now stands, to take cognizance of it. Until the order appealed from be reversed, no proceedings whatever can be had in the cause. The question involved being one of jurisdiction, and having been decided adversely to maintaining the proceedings in the Court below, it is preliminary to

all other questions, and must be decided on appeal, if at all, before the appellant can move in his case. The appeal was therefore properly taken. See the case of *Wright vs. Hamner*, 5 *Md.*, 370.

The order appealed from will be reversed, and the cause remanded that the judgment be reïnstated; and if the other causes assigned by the appellees for striking out the judgment have not been acted upon by the Court below, (as they do not appear to have been,) it will be competent for that Court, upon reïnstating the judgment, to dispose of them as justice and right may require.

*Judgment reversed and*
*cause remanded.*

(Decided 31st May, 1871.)