## RICHARDSON *v.* BOATO
[No. 87, October Term, 1954.]

302

*Decided May 18, 1955.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*John F. Lilliard, Jr.,* for appellant.

*Jerrold V. Powers,* with whom were *Lansdale G.
Sasscer* and *Sasscer, Clagett & Powers* on the brief, for
appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant, who was the plaintiff in a tort action
below, asks us to hold that the trial court erred in refus-
ing her motion to instruct the jury that the appellee
was liable as a matter of law, leaving only the amount
of damages for the jury. The jury gave a verdict for
the appellee.

While waiting in a proper lane to make a left turn,
the automobile in which appellant was a passenger was
struck from the rear by an automobile driven by the
appellee. The facts as to the accident are uncontro-
verted and there is no real dispute that the appellee
was guilty of negligence and the appellant free from
contributory negligence. There is sharp dispute as to

whether appellant suffered any injury or harm as a result of the negligence of the appellee. There was testimony on her behalf that she tried to brace herself with her right arm and that she suffered from a stiff neck for a week after the accident, although she did not seek medical attention or lose any time from work. About two weeks after the accident, the appellant consulted a doctor about soreness in her right hand and wrist and her left elbow. She offered evidence to show that she suffered from acute arthritis and bursitis of traumatic origin, that she had been required to spend long periods of time in the hospital and that she had lost ninety-five days from work. The appellee testified that immediately following the accident, the appellant told him she had not been injured, and that she gave no evidence of any injury during the considerable time they spent in a nearby house, making telephone calls and having coffee. There was also testimony that several days after the accident, the driver of the car he had struck met the appellee and said that no one was injured in the accident. The appellee offered medical testimony to show that the arthritis and bursitis did not come about because of the accident. He also introduced hospital records which supported this contention.

At the close of the entire case, the appellant asked the court to grant her a directed verdict. She did not limit or restrict the motion, except to say that all the jury should decide was the amount of the damages. The court refused to grant the motion, saying: "I think the crux of the case is whether the injury was sustained, and there was a casual connection between the accident and the claimed injury. In other words, if the jury finds as a fact that that was not the proximate cause of the injury, then they would in that case bring in a verdict for the defendants."

Torts are divided into classes by the writers and the cases. For example, the American Law Institute makes four subdivisions in the Restatement: (1) Intentional Harms; (2) Negligence; (3) Absolute Liability, Deceit,

Libel, Wrongful Litigation, and so forth; and (4) Miscellaneous Torts. Some of the reasons for the classifications have significance in this case. Historically, the action of trespass was the redress for intentional harms to person or property. If the injury came from the negligence of another, or by reason of fraud or deceit, the remedy was by an action on the case. Where there was trespass, the defendant's wilful breach of the peace was a wrong against the State, and civil rights and liabilities, and the injury to the individual, were incidental even though the right violated was one recognized as absolute. As the importance of civil rights and liability grew, there developed the rule, in cases of trespass, that even in the absence of a showing of actual detriment, the law presumed an injury for violation of the absolute right. On the other hand, as the use of the action on the case to recover for fraud, deceit and negligence grew, emphasis was placed on the plaintiff's actual loss, and if he were to establish an actionable wrong, it came to be vital that he show actual injury resulting from the defendant's act or omission.

One may not recover in tort unless the defendant has violated a legal right of the plaintiff which has caused him injury. In the invasions of person or property for which trespass was the remedy, injury was presumed from the violation of the absolute legal right. In the deceit and negligence cases, actual injury had to be shown to make an actionable wrong.

*Webb's Pollock on Torts,* 214, points out that when an absolute right has been infringed, there is a cause of action without regard to actual harm. On the other hand, it is said: (p. 216) "Negligence, again, is a cause of action only for a person who suffers actual harm by reason of it. A man who rides furiously in the street of a town may thereby render himself liable to penalties under a local statute or by-laws; but he does no wrong to any man in particular, and is not liable to a civil action, so long as his reckless behaviour is not the cause of specific injury to person or property. * * *

So, in an action of deceit * * *." In *Prosser on Torts,* pg. 177, it is said that to sustain an action founded on negligence, there must be actual damage to a legally protected interest of the plaintiff. Then comes this language: "Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damages was an essential part of the plaintiff's case." 38 *Am. Jur., Negligence,* Sec. 11, p. 651, puts it succinctly: "These elements of duty, breach, and injury are essentials of actionable negligence. In the absence of any one of them, no cause of action for negligence will lie." See also *Schmidt v. Merchants Despatch Transportation Co.* (N. Y.), 200 N. E. 824, 827; *Sullivan v. Old Colony St. Ry. Co.* (Mass.), 86 N. E. 511.

The decisions of this Court have recognized and applied the rules and distinctions we have discussed. In *Jackson v. Pennsylvania RR Co.,* 176 Md. 1, 5, Judge Parke said for the Court that if a plaintiff is to have a cause of action for negligence against a defendant, there must be: "* * * a duty which is owed by the defendant to the plaintiff to observe that care which the law prescribes in the given circumstances, a *breach* by the defendant of that duty, *damages* and *injury* suffered by the plaintiff as the demonstrable effect of the breach of duty." See, also, *State v. Baltimore Transit Co.,* 197 Md. 528, 532; *State v. Baltimore Contracting Co.,* 177 Md. 1, 19; *Pennsylvania RR Co. v. Cook,* 180 Md. 633, 638; *Smith Co. v. Smick,* 119 Md. 279, 283; *Benedick v. Potts,* 88 Md. 52, 54.

In *Mason v. Wrightson,* 205 Md. 481, 109 A. 2d 128, the action was against a police officer who had unjustifiably "frisked" a patron of a night club. The plaintiff showed no actual injury, harm or damage. It was held that the violation of the plaintiff's legally protected right gave rise to presumed injury which required the award of one cent damages. In *Melville v. Gary,* 76 Md. 221, 223, an action of deceit, the Court adopted this language of an English case: " 'The foundation of an action of

this kind * * * is fraud and deceit in the defendant, and damage to the plaintiff. Fraud without damage, or damage without fraud, gives no cause of action; but where these two concur an action lies' ". *Kimball v. Harman,* 34 Md. 401, was an action on the case for conspiracy to injure the plaintiffs. It was held that even if there were unlawful conspiracy unless the plaintiffs could show that they had in fact sustained actual damage by reason of it, they had no cause of action. *Horn v. Seth,* 201 Md. 589, 597, discussed and acted on the point that damage is the gist of many tort actions or at least an essential element of the tort.

In the case before us, the negligence of the appellee gave no right of action to the appellant unless that negligence injured or harmed her. The appellant, to have been entitled to an instruction that the appellee was subject to liability to her, must have shown uncontroverted causal connection between the negligence and the injury or harm to her. Here, the facts which constituted the negligence were uncontroverted, but the facts of the connection between that negligence and the claimed harm were sharply in dispute.

The appellant, if she had specifically so requested, may well have been entitled to have the jury instructed that there was negligence on the part of the appellee and lack of contributory negligence on her part, leaving to the jury to decide whether the stiff neck or the arthritis, or both, resulted from that negligence, and, if so, the damage suffered as a result. Rule 4 (III Trials, Rules of Practice and Procedure) provides that: "* * * any party may move, at the close of the evidence offered by an opponent or at the close of all the evidence, for a directed verdict in his favor on any or all of the issues." In *Garozynski v. Daniel,* 190 Md. 1, the Court, after quoting the rule, said: "We perceive no reason why a peremptory instruction should not be granted at the instance of either party, if the circumstances permit of only one inference." See *Lindenberg v. Needles,* 203 Md. 8, 14. In *Dunstan v. Bethlehem Steel Co.,* 187 Md.

571, 578, the opinion by Judge Markell pointed out the difference between "(a) uncontradicted evidence which a jury might disbelieve and (b) uncontroverted or undisputed facts, which present only a question of law" and added: "In the latter class of cases, the court may direct a verdict for a plaintiff * * *." See, too, *Rothman v. National Mutual Ins. Co.*, 197 Md. 173; *Vogelsang v. Sehlhorst*, 194 Md. 413. If the appellant had requested an instruction that the appellee was negligent and the appellant free of negligence, the trial court, after so instructing, could have required a special verdict as to each of the claimed injuries and the resulting damages, as provided by Rule 7 (III Trials, Rules of Practice and Procedure) but the appellant did not so limit her request. She asked that the jury be instructed that the defendant was liable to her for his negligence and that the jury determine only the amount of the damages. It is plain that she was not entitled to the instruction she asked.

The case went to the jury very much as if there had been an instruction that there had been negligence on the part of the appellee, leaving to the jury to decide whether or not injury resulted and, if so, the damages which should be awarded. True, the court said, in discussing the burden of proof, that the burden was on the appellant, not only as to "the matter of negligence" but also as to the proving of physical injury and that it resulted from the accident. Nevertheless, not only the parties, but also the court, seemed to have assumed throughout the case that the appellee had been negligent. There was a flat instruction that the appellant was not guilty of contributory negligence. All the emphasis, throughout the charge, was on the necessity of determining whether there was causal connection between the accident and the injuries claimed. The court, in summing up the point of the case, said that the question for the jury was whether "these physical conditions and complaints were directly caused by the collision." It gave the usual instruction as to compensatory dam-

ages, that the health of the plaintiff prior to the accident is to be compared to her health since the accident, and that there is to be considered the probability of permanancy of any injury found and the pain and suffering which might result. No exceptions were taken or objections made to the charge, in whole or in part. We think it fairly presented the case to the jury, and that there were no errors in the trial which prejudiced the appellant.

*Judgment affirmed, with costs.*